### BROOKS *against* HOLLAND.

Where a note was given promising to pay the principal sum mentioned there-in in three years, and the interest thereon half-yearly; in an action brought before the principal became payable, but after two half-yearly instalments of interest had become due, to recover such interest, it was held, 1. that a re-covery must rest on, and could only be claimed by virtue of, the express *contract* to pay it, contained in the note; 2. that such interest upon a decla-ration properly framed for the purpose, was recoverable; but 3. that a gen-eral *indebitatus* count in *assumpsit* for money had and received, without stating the *nature* of the indebtedness, was not an appropriate form of declaring, in such case; an indebtedness for interest due to the plaintiff by the defendant, not being money of the plaintiff received by and in the hands of the defendant.

THIS was an action of *indebitatus assumpsit*, in three counts.

In the first count, it was alleged, that on the 7th day of *April*, 1847, the defendant was indebted to the plaintiff in the sum of nine thousand, two hundred dollars, for so much money before that time lent and advanced to the defendant, by the plaintiff, at the special instance and request of the defendant.

In the second count, it was alleged, that, at the same time, the defendant was indebted to the plaintiff in one other sum of nine thousand, two hundred dollars, for so much money before that time paid, laid out and expended, by the plaintiff, for the defendant, at the special instance and request of the defendant.

In the third count, it was alleged, that on the 1st day of *March*, 1849, the defendant was further indebted to the plain-

tiff in the sum of eleven thousand and five hundred dollars, *New-London*, for so much money before that time had and received, by July, 1851. the defendant, to and for the use of the plaintiff.

Brooks
*v.*
Holland.

The action was commenced on the 3d day of *March*, 1849.

The defendant pleaded *non assumpsit*, on which issue was joined; and thereupon the cause was tried, at an adjourned term of the court, at *Norwich*, in *August*, 1850.

On the trial, the plaintiff offered in evidence a promissory note, of which the following is a copy : " *Norwich, Ct.* 26, 1846. Three years from date, I promise to pay *Samuel R. Brooks*, or order, sixteen thousand dollars, with interest at six *per cent. per annum*, payable half-yearly, for value received. *John C. Holland*." This instrument was accompanied by proof that it was signed by the defendant, and by him delivered to the plaintiff, on the 26th day of 1846.

To the admission of such note in evidence the defendant objected, on the ground that it did not tend to support either of the counts in the declaration. But the court overruled the objection and admitted the evidence.

No other evidence having been offered in support of the plaintiff's demand, the defendant requested the court to charge the jury, that the plaintiff was not entitled to recover, under either count in his declaration, because at the time of the commencement of this suit, the note had not matured, and there was nothing due thereon but two years' interest; and that interest merely was not recoverable under the common money counts.

But the court charged the jury, that the declaration was properly framed to entitle the plaintiff to recover the interest which accrued and became payable upon the note when the suit was commenced.

The jury returned a verdict in favour of the plaintiff, for the sum of 1,920 dollars, being two years' interest on the note. The defendant thereupon moved for a new trial, for the admission of improper evidence and for a misdirection.

*Strong* and *Hovey*, in support of the motion, contended, 1. That the common courts in *assumpsit* for money lent, paid, and had and received, do not lie for the recovery of

*New-London,* interest due upon a note, before the principal is payable.
*July, 1851.* *Shepard* v. *Palmer,* 6 *Conn. R.* 96.    2 *Greenl. Ev.* § 112,
113, 117.    *Power* v. *Butcher,* 10 *B. & C.* 329. (21 *E. C. L.*
91.)  1 *Chitt. Pl.* 350. 351.    *Chitt. Cont.* 591, 602.    *Saund.*
*Pl. & Ev.* 672, 677, 678, 679.  2 *Stark. Ev.* 57, 62.    *Whar-*
*ton* v. *Walker,* 4 *B. and C.* 163. (10 *E. C. L.* 302.)  1 *Leigh's*
*Nisi Prius,* 46. 69.    1 *Steph. N. P.* 317. 320. 327.    *Chitt.*
*on Bills,* 581.

Brooks
*v.*
Holland.

2. That the proper remedy is a special action on the con-
tract, or an action of debt or *indebitatus assumpsit* for interest
upon, and for the forbearance of, the principal sum loaned.
*Saund. Pl. & Ev.* 606.    2 *Chitt. Pl.* 88.    *Chitt. Bills,* 680.
1 *Chitt. Pl.* 356, 357, 358.    *Greenleaf* v. *Kellogg,* 2 *Mass.*
*R.* 568.    *Cooley* v. *Cose,* 3 *Mass. R.* 221.    *Hastings* v. *Wis-*
*wall,* 8 *Mass. R.* 455.    *Greening's Forms,* 18., note (*b.*)

*Foster* and *Wait,* contra, insisted, 1. That a promisso-
ry note is admissible in support of the common money
counts, not only between the payee and maker, but also
between the indorsee and maker.    *Wild* v. *Fisher,* 4 *Pick.*
421.    *Webster* v. *Randall* & al., 19 *Pick.* 13.    *Ramsdell* v.
*Soule,* 12 *Pick.* 126.    *Cole* v. *Cushing,* 8 *Pick.* 48.    *Eagle*
*Bank* v. *Smith* & al., 5 *Conn. R.* 75.    *Townsend* v. *Derby,*
2 *Metc.* 363.    *Camp* v. *Tompkins,* 9 *Conn. R.* 545. 554, 5.
It is perfectly immaterial *what* the consideration of the note
is : it is sufficient that there *is* a consideration ; that the de-
fendant has received money's worth.    *Payson* v. *Whit-*
*comb,* 15 *Pick.* 212. 215, 16.    *Ainslie* v. *Wilson,* 7 *Cowen,*
662.    *Hughes* v. *Wheeler,* 8 *Cowen,* 77.

2. That *indebitatus assumpsit,* in its general form, will lie in
*analogous* cases, founded on the same general principle.
First, it will lie to recover the purchase money of *land,* sold
and conveyed to the defendant.  1 *Sw. Dig.* 574.    2 *Chitt.*
*Plead.* 39.    *Shephard* v. *Little,* 14 *Johns. R.* 210.    *Littrell*
v. *Michael, Watts & Serg.* 277.    Secondly, it will lie in all
cases where a *debt* is created in the plaintiff's favour, and
the law will imply a *promise* to pay it.  1 *Sw. Dig.* 684.
*Archb. N. P.* 63.    Thirdly, it will lie to recover the amount
due on a *special agreement* not under seal, *executed* on the
part of the plaintiff.    *Clarke* v. *Gray* & al., 6 *East,* 569.

*Cooke* v. *Munstone*, 1 *New Rep.* 351. 355.   2 *Wms. Saund.*

350. n. 2.

3. That if the principal of this note had been due, at the time the action was commenced, the plaintiff could clearly have recovered both principal and interest, in this form of action. *Fitch* v. *Bogue* & al. 19 *Conn. R.* 285.   *White* v. *Brown, Id.* 578.   But a contract to perform several things, at several times, is *divisible* in its nature, and an action will lie for the non-performance of any one of the stipulations which has matured.   *Cooke* v. *Whorwood*, 2 *Saund.* 337. *Rudder* v. *Price*, 1 *H. Bla.* 550.   *Badger* v. *Titcomb*, 15 *Pick.* 409. 413.   The case stands on the same ground as if separate notes had been given, one for the principal and others for the interest, or the principal had been made payable by instalments; in which case, the defendant would unquestionably be liable, in this form of action, for every default of payment when due.

STORRS, J.   All the counts of the declaration in this case, are in general *indebitatus assumpsit;* the two first being for money lent and advanced, and paid, laid out and expended, and the other for money had and received.

By the terms of the note offered in evidence by the plaintiff, on the trial, in support of this declaration, the principal sum mentioned in it had not become payable when this suit was commenced; but the interest thereon was made payable half-yearly from the date of the note, and the two first semi-annual instalments had become due, and were unpaid.   The principal of the note, not being, at the commencement of this suit, due, by the terms of the contract, evidenced by it, it is properly conceded, that it was not then recoverable, either in this, or any other, form of declaring.

But it was claimed, by the plaintiff, on the trial below, and decided by the court, that, although the principal of the note was not recoverable, by reason of its not being payable until after the commencement of this action, the plaintiff was entitled, under this declaration, to recover the amount of the two instalments of interest which were then due, by the terms of the note, and a verdict was rendered for such amount; and the present motion is brought to review the decision.

The only point made before us, is, whether the recovery

was proper, under the count for money had and received, it having been conceded by the plaintiff, that it cannot be sustained under the other counts for money lent, and paid, laid out and expended.

This case does not require us to consider in what cases interest is recoverable, as damages, in the absence of an express or implied agreement to pay it; nor from what circumstances a promise to pay interest will be inferred or implied; nor under what form of declaration it is recoverable, where there is such express or implied promise, and the principal to which it is attached has become payable. It is material to observe, in the present case, that interest is not sought to be recovered, as incidental to a debt due, nor by way of damages for the unlawful detention of a debt; nor on the ground of an implied promise to pay such interest. The principal debt here is not due; and is not, therefore, yet recoverable; and for that reason, there is no circumstance from which an implied promise to pay the interest on it can be inferred. A recovery of interest, in this case must therefore rest on, and can only be claimed by virtue of the express contract to pay it, contained in the note adduced by the plaintiff. That the semi-annual instalments of the interest which had accrued by the terms of that note, before the commencement of this suit, were recoverable, although the time stipulated in the note for the payment of the principal had not then arrived, under a count framed upon the promise contained in the note itself, is unquestionable, because such is the express agreement between the parties, as evidenced by the terms of the note itself. Perhaps also it might be recovered, as has been conceded in the argument, under a general *indebitatus* count for interest. The question therefore before us, is not, whether interest, as such, due by express contract, on a debt not yet payable, can be recovered, in an appropriate form of declaration, but whether a general *indebitatus* count in *assumpsit* for money had and received, is an appropriate form of declaring for its recovery.

It is well settled, that it is not sufficient, in the *indebitatus* count in *assumpsit*, to declare generally, that the defendant, being indebted to the plaintiff, promised to pay him, without shewing for what the defendant was so indebted; but that the nature of the indebtedness must be alleged, although it

*New-London*
July, 1851.
———————
Brooks
*v.*
Holland.

..ay be set forth in general words ; as that it was for use and occupation, without describing the premises ; for goods sold, without particularizing them ; for work and labour performed, without specifying its particular character.   The reason given for this rule, is, that the defendant will not otherwise know for what debt the plaintiff brings his action, or what defence to make ; and that a recovery in such action would not otherwise be a bar to a future action for the same debt, as it would not appear to be the same, unless the cause of it be stated.   The nature of the indebtedness being a necessary and material averment, it must be proved as alleged ; and proof of an indebtedness of a different sort, would obviously be a variance, and therefore inadmissible.   No one would think of proving a debt for labor, under a count for goods sold, or money lent.

The question then arises, whether the indebtedness existing in this case, is truly stated in the latter count of the declaration ; in other words, whether an indebtedness for interest due to the plaintiff by the defendant, is money of the plaintiff received by and in the hands of the defendant.   It would seem, that a mere statement of this question would suggest the inevitable answer, unless some artificial principle of law has been adopted, by which these totally different things are held to be imported by the same terms.   A mere indebtedness, on whatever account, from one person to another, is a mere *chose in action*, and creates a liability, which may be enforced by suit, but is not and cannot, while it remains in the shape of a mere indebtedness, in any just sense be considered as money of the creditor in the hands of the debtor.   The debtor owes the amount due, but owes it only as a debt ; and an indebtedness for interest, which as defined by Lord *Ellenborough,* (3 *Campb.* 296.) is, properly speaking, a compensation agreed to be paid for the use of money, forborne by the lender, at the borrower's request, no more constitutes the amount so due, money of the creditor in the hands of the debtor, than if it were an indebtedness for the use of any other thing, or on any other account ; and as well might a debt due for the use of any personal property, or for goods sold, or for services rendered, be deemed money of the creditor, to the amount of such debt, in the hands of the

debtor, as a debt due for interest; and indeed, if the idea be admitted, as a legal principle, that a debt from one becomes so much money of the creditor in his hands, it would be immaterial in what form the debt were due, whether by simple contract, or specialty, or judgment; and an action of general *indebitatus assumpsit* for money had and received, would be sustainable, in all of these cases. Interest is a mere debt, founded, not on the idea that the debtor has received from the creditor the amount of such debt in money; but that the debtor has had the use of money of the creditor, for which use he has agreed to pay a certain compensation; and therefore, the declaration must count upon such use, or an indebtedness arising out of such use, as the considerations for the promise of the defendant. The idea that a debt, for interest agreed to be paid for the use of money, is money of the creditor, in the hands of the borrower, arises from confounding the principal sum loaned with the interest or compensation for its use. The principal sum is so much money of the lender, which has been received of him by the borrower, and which may be received back, when it becomes due, by the former, as so much money of his had and received by the latter; but the interest is only a price or sum agreed to be paid for the use of such principal, and has never been received, by the lender, of the borrower; and it is entirely immaterial to the former, whether the latter has realized, from any source, any benefit for the use of the money, after it was so loaned.

And the promise contained in the note in this case, is divisible, as between the principal sum and the interest on it, and is applicable to them severally and distinctively, as is obvious from the circumstance that a suit may be brought upon that promise, so far as it respects the interest, when the principal is not yet payable, and none can be sustained on it, as it respects the principal. And the purport of that promise is, that the defendant will pay the principal sum originally received by him of the plaintiff, and also the interest, that is, the accustomed legal compensation for its use or forbearance at the times respectively stipulated in that instrument; but it would be inappropriate to call such compensation, so agreed to be paid, money of the plaintiff had and received by the defendant, in the same sense as the money for

*New-London*
July, 1851.

Brooks
*v.*
Holland.

the use of which compensation is thus promised, or indeed in any sense whatever.

The distinction, in this respect, will be presented more broadly and clearly, if an example be taken of the lending of a personal chattel other than money, with a promise of return and compensation for its use, payable from time to time, before the period stipulated for its return; which is precisely analogous in principle to the present case; and where it is quite obvious, that the price stipulated for its use, accruing before its return, would be recovered in general *assumpsit*, only under a count for its use; the use of it being the ground of the indebtedness on which the law would imply a promise to pay such compensation.

It thus appears, that the interest recovered in this case, was not, in any true sense, money of the plaintiff received by the defendant. Nor does it fall within the principle of any of the comparatively few exceptions to the general rule, that, in order to sustain the count in *assumpsit* for money had and received, it must be shewn, that the defendant had received money of the plaintiff, or for his use. The cases establishing the rule, as well as the exceptions, are very fully stated in *Chitty on Contracts*, in *chap. 3, sect. 5*, under the title of money had and received, (*pp.* 601. *& seq.*) to the last *American* edition of which by Mr. *Perkins*, it is deemed sufficient to refer.

The claim of the plaintiff to recover, in this case, derives no support from any authority to which we have been referred. In *England*, the recovery of interest, under a general count in *assumpsit* for money had and received, has been perseveringly resisted previous to the enactment of the recent statute of 34 *W.* 4. c. 42. although it had been allowed, in some cases, under the other money counts; but in those cases, the action was brought after the money which was sought to be recovered had become payable, and interest on it was permitted to be recovered, not as such, but only in the shape of *damages* for the improper retention of the money by the defendant; on which ground no claim to it can of course be set up, in the present case, as the principal sum is not payable. And even where interest was agreed to be paid for money lent, it was not allowed to be recovered, in connexion with the principal sum, under a count for money had

and received, but an additional count for interest was necessary, and such a count was invariably introduced for that purpose. Such count continues to be inserted where interest is claimed in connection with the count for money had and received, except where it may be recovered under the latter count, by virtue of the provisions of the statute just mentioned. And the introduction of a count for interest, in that form of declaring, where interest is claimed, is advised by Mr. *Chitty,* where he gives the form of that count. In this, and some, at least, of the other states of this country, a greater liberality in the allowance of interest, by way of damages for the detention of the principal debt, is allowed than in *England;* and it has been decided, contrary to the cases there, that, under the count for money had and received, the principal sum may be recovered, and also interest upon it; but the latter is given, not as interest, but only by way of damages for the detention of the principal; and we find no cases in which, under that count, interest has been permitted, or even claimed to be recovered before the principal has become payable: and wherever the expression has been used, either by judges, or elementary writers, with reference to the decisions in this country, that interest may be recovered under a count for money had and received, it will be found, by looking to the cases to which they refer, that it was only intended that, where the principal was recoverable, interest might be allowed, by way of damages, for its detention. None of those cases were actions for the recovery of interest merely. If, after the principal of the note offered in evidence, by the plaintiff, in this case, should become payable, we should hold, that not only such principal, but also interest thereon, might be recovered, under a count for money had and received, it would be, not on the ground that the latter was allowable as interest, or compensation for the use of the principal, but only as damages, the measure of which would be taken to be the amount allowed by law for the use of money in cases of loans, that furnishing a convenient, and at the same time, what would be deemed a just, rule on the subject, which only is meant when it is so frequently said, that interest is allowed by way of damages.

Hence it is obvious, that the plaintiff derives no aid in his claim, to recover the interest in this suit, from the argument

*New-London*,
July, 1851.

Brooks
*v.*
Holland.

that it would be allowed together with the principal, if the latter were recoverable.    Nor do we accede to the claim, that, under the familiar principle that promissory notes constitute evidence under a count for money had and received, the note in question is to be deemed evidence of money had and received by the defendant of the plaintiff, to the amount of both the principal and interest promised to be paid by it. Such an instrument furnishes evidence under that count only because a presumption naturally arises from the promise to pay a sum of money, that the promiser has received the money of the promisee; a presumption which our courts hold, as a rule of policy, contrary to what has been decided in some others, to be conclusive, to prevent the defendant from shewing, in order to defeat the action, that the note was given for any other consideration, subject, however, to the qualification that it shall not preclude the defendant from proving the real consideration, for the purpose of availing himself of any legal defence against the instrument.    But it being considered only as a promise of re-payment, it furnishes no presumptive evidence of the reception of any greater amount of money by the defendant, than the principal promised to be paid.    A presumption that the promiser had received of the promisee the amount of the interest, that is, the compensation which he agreed to pay for the use by himself of the principal, would be most unnatural and indeed absurd, and is warranted by no principle or case.    So far therefore, as the promise in the note in question respects the interest, it furnishes no evidence under this count.

For these reasons, the court are of opinion that the note offered in evidence, by the plaintiff, in the trial, was improperly admitted, and that there should be a new trial.

In this opinion, after a prolonged consultation, all the other judges concurred.

New trial granted.