## MINNIE KABATZNICK, ADMR.
### vs.
## BENJAMIN LANGER, ET AL.

Superior Court        Middlesex County            File #7110

Present:  Hon. ERNEST A. INGLIS, Judge.

Aaron J. Palmer,                    Attorney for the Plaintiff.

Leonard O. Ryan                    Attorney for the Defendant.

## MEMORANDUM FILED APRIL 1, 1937.

INGLIS, J. It is not disputed that, on October 15, 1931, the defendant Benjamin Langer, made his negotiable promissory note for $1100.00 payable to the order of "J. Kabatznick estate" on demand and that the defendant Esther Langer, his wife, indorsed that note for his accommodation. The consideration for the note was a loan of $1000.00 made on April 14, 1930 by J. Kabatznick to Benjamin Langer. There is no allegation of payment nor does the evidence justify a finding that any payment or payments have been made on account of the note.

The complaint does not allege any presentment and demand for payment nor any notice of dishonor to the indorser and there is no evidence that prior to the institution of this action such presentment and demand for payment had been made or such notice given.

In order to hold the indorser, the law is clear that such presentment and demand for payment must have been made and such notice of dishonor must have been given and that within a reasonable time after the date of the note.

**General Statutes, Rev. 1930, Secs. 4387, 4388, 4406.**

**Greenstein vs. Kircharski, 107 Conn. 269.**

One of the essential elements of presentment is that the note must be exhibited to the person from whom payment is demanded. **General Statutes, Rev. 1930, Sec. 4391.** It follows that the mere institution of this action, although for some purposes it is regarded as a demand that the note be paid, is not such presentment and demand as is an essential prerequisite of the indorser's liabilty. Moreover, this being an action at law, such cause of action as the plaintiff had against the indorser must be one which was in existence at the time the action was instituted and clearly there had been neither presentment nor notice of dishonor prior to the institution of the suit.

It is true as suggested by the plaintiff that the face of the

note reads "We promise to pay" and that Esther Langer had signed her name on the back of the note before delivery. It does not follow, however, as contended by the plaintiff, that those circumstances make Esther Langer a co-maker and therefore not entitled to presentment to the maker and notice of dishonor. From the fact that Esther Langer placed her name on the back of the note rather than upon the face, it is clear that it was the intention of the parties that she was assuming the obligations of an indorser and not those of a maker.

The plaintiff is claiming interest on the note from the date of its making. The note does not reserve interest, however, and, therefore, interest is recoverable only from the date of demand if any or from the date of the institution of this suit.

**8 C. J. 1095 (Bills and Notes, Sec. 1426).**

There having been no demand prior to the institution of the suit, interest is to be allowed only from December 16, 1936. The issues on the first count are found in favor of the plaintiff against the defendant Benjamin Langer (and that the amount due is $1119.25) but in favor of the defendant Esther Langer.

Under the second count it is found that the plaintiff's decedent sold and delivered to the defendant Benjamin Langer the articles of household furniture as listed in Exhibit A annexed to the complaint and that on account thereof the defendants have made the payments shown in said Exhibit A. Said articles were for the joint benefit of both defendants and for that reason both defendants are liable therefor. The balance due for those articles is $260.70 with interest thereon from December 15, 1936, i. e. $4.56, making the total amount due $265.26.

Judgment may enter for the plaintiff to recover of the **defendant Benjamin Langer** the sum of $1119.25 and of both defendants jointly and severally the sum of $265.26 and her taxable costs.