The instant matter is an action for foreclosure of a mortgage. It was submitted on the pleadings, except for the testimony of one witness in behalf of the defendants that tender was made of the amount acknowledged to be due by certified check in the sum of $9121.40 on December 5, 1968, to stop the running of interest.
The basis of the action is a promissory note in the sum of $18,000, dated at New Milford, Connecticut, August 6, 1963, with the defendants Willard T. Whitcomb and Joanne R. Whitcomb as the makers and the plaintiffs Stella M. Kozienieski and Anna Kozienieski as payees. The note stipulated that the note of $18,000 was to be payable as follows: "(a) One Hundred Fifty ($150.00) Dollars per month commencing on the sixth (6th) day of September 1963, and a like amount on the sixth (6th) day of each successive month thereafter, up to and including the sixth (6th) day of August 1968, which installments shall be credited against principal only. (b) The unpaid balance remaining as of the sixth (6th) day of August 1968, shall be payable, together with interest at the then current bank rates, in accordance with standard amortization schedules, in equal monthly installments, commencing on the sixth (6th) day of September 1968, with a like amount payable on the sixth (6th) day of each successive month thereafter, up to and including the sixth (6th) day of August 1973. Together with any costs, expenses or attorney's fees incurred in the collection of this note, or in foreclosing any mortgage securing *Page 112 
the same, or in sustaining the lien of said mortgage, and all taxes, assessments and insurance premiums upon the property which is conveyed as security for this note."
Paragraph 2 of the complaint sets forth that the defendants, to secure the note to the plaintiffs, executed a mortgage deed on described premises, "which deed is conditioned upon payment of said note according to its tenor." Paragraph 3 alleges that the plaintiffs are still the owners and holders of the note and deed and that no payment has been made since the payment due and payable on August 6, 1968; and that the defendants have neglected and/or refused to pay the unpaid balance as of August 6, 1968, together with accumulated, accrued and unpaid interest at the current interest rate from the 6th day of August, 1963, in accordance with the note and the agreement of the parties. Paragraph 3 further alleges that "the plaintiffs have elected to declare the unpaid principal balance of said note due and payable, together with the accumulated, accrued and unpaid interest from and after August 6, 1963 due and payable."
The crux of the issue posed is whether interest is to be charged under subsection (a) of the note. The plaintiffs argue that, because subsection (b) states that "[t]he unpaid balance remaining as of the sixth (6th) day of August 1968, shall be payable, together with interest at the then current bank rates," this provision for interest at the then current bank rate must be read into subsection (a).
The defendants filed a special defense in their answer in which it is alleged: "The defendants made tender to the plaintiffs on December 5, 1968 of the sum of $9,121.40, being the principal balance due on said loan, together with interest from August 6, 1968 to December 5, 1968, which amount was *Page 113 
sufficient to cover the full obligation under the terms of the note set forth in Paragraph 1 of the plaintiffs' complaint."
The issue, except for the testimony referred to, has been submitted on legal briefs. The plaintiffs refused the tender of $9121.40 made on December 5, 1968, on the ground that it was insufficient under the terms of the note. They made claim for payment of the balance of principal of $9000 together with interest at the rate of 6 percent for the five-year period commencing August 6, 1963, and extending through August 6, 1968, amounting to $3780. In addition, they claim interest at the agreed upon current rate of 7 1/2 percent from August 6, 1968, to March 14, 1969. It is the further contention of the plaintiffs that the language of subsection (a) of the note reveals an intention of the parties to have a moratorium on interest for the first five-year period and that the language in subsection (b), "[t]he unpaid balance remaining as of the sixth (6th) day of August 1968," is to equal the remaining $9000 principal balance plus $3780 interest computed at the rate of 6 percent on the first $9000.
The court must deal with the intent of the parties as set out in the mortgage note itself. No evidence was adduced as to what agreement or understanding, if any, the parties had entered into relative to interest in subsection (a). See Crosby v. Mason,32 Conn. 482, 488. And it would have been persuasive evidence if any interest had been paid during the five-year period on any instalment of principal. This was not the case. See Smith v. Read, 51 Conn. 10,13.
It is fundamental that "`[i]nterest by our law is allowed on the ground of some contract express or implied to pay it, or as damages for the breach of some contract, or the violation of some duty.'" *Page 114 Healy v. Fallon, 69 Conn. 228, 235. But upon whatever ground it may be placed, as is pointed out inAmluxen v. Eugene J. Stephenson, Inc., 340 Mich. 273,276, in the absence of an express promise, until the principal becomes due, no promise to pay interest can be implied, or be awarded as damages. It is true that § 37-1 of the General Statutes provides: "The compensation for forbearance of property loaned at a fixed valuation, or for money, shall, in the absence of any agreement to the contrary, be at the rate of six per cent a year; and, in computing interest, three hundred and sixty days may be considered to be a year." But this section does not require that the legal rate of 6 percent must be added where the contract of the parties does not call for interest to be paid. Peoples Savings Bank v.Corrado, 151 Conn. 388, 390, makes clear that where a mortgage note provides for interest from date payable monthly, but no rate of interest was stated, then the statute would apply. In Curtis v. Smith,75 Conn. 429, 430, the mortgage note did not contain a provision for interest. But the condition of the mortgage deed specifically referred to the mortgage note as "payable to said grantee or order with interest."
In the instant case, the mortgage deed simply states that "the deed is conditioned upon the payment of said note according to its tenor." And going one step further, if the note had stated a rate of interest, but no date from which it was to start to run, then interest would run from the date of the note. Taylor v. Hamden Hall School, Inc.,149 Conn. 545, 559.
Resorting to fundamentals, patently the note, as to subsection (a), does not specifically state that interest is to be paid; nor can this court conclude that it was to be implied, since there is no basis for such an implication. This court finds authority in *Page 115 Kabatznick v. Langer, 5 Conn. Sup. 17, 19, where it was stated: "The plaintiff is claiming interest on the note from the date of its making. The note does not reserve interest, however, and, therefore, interest is recoverable only from the date of demand if any or from the date of the institution of this suit."
The cases cited by the plaintiffs do not support their legal claims. Dyer v. Elderkin, 1 Root 412, contains the headnote: "The court will give interest upon a note not expressed to be on interest, under certain circumstances where equity requires it." The facts are not at all clear. M'Clellan v. Morris,
Kirby 145, involved a promissory note which set forth only: "For value received, I promise to pay Samuel M'Clellan, or his order, £ 17 3s. 5d. by the 1st day of April next, or use till paid." The brief decision holds that "in case the principal sum in the note should not be paid by the time limited for payment, use, or interest, should be allowed thereonafter that time, until paid." (Italics supplied.) Clearly this required that interest be added only from the expiration of the due date of the note. It does not support the plaintiffs' position. Crosby v.Mason, 32 Conn. 482, 488, is not in point on the issue herein. First of all, it involves a construction of a will. But it also must be observed that the note in issue "is drawn with interest" and therefore properly called for interest thereon. Moreover, as this case points out, "[e]vidence may be introduced to show that by the agreement or understanding of the parties interest may be charged." No such evidence was introduced here. Gaffney v. Harmon, 405 Ill. 273, cited by the plaintiffs, involves an attorney-client relationship and has no relevancy to the instant issue.
If the note had contained the provision in subsection (a) stating "with interest," then, even though *Page 116 
no rate had been specified, this would mean interest at 6 percent per annum. Perry v. Cohen, 126 Conn. 457,460.
"[I]nterest is only a price or sum agreed to be paid for the use of . . . principal . . . ." Brooks
v. Holland, 21 Conn. 388, 394. The Brooks case points out (p. 397) that a promissory note creates a presumption, which "naturally arises from the promise to pay a sum of money, that the promiser has received the money of the promisee; a presumption which our courts hold, as a rule of policy contrary to what has been decided in some others, to be conclusive, to prevent the defendant from showing, in order to defeat the action, that the note was given for any other consideration, subject, however, to the qualification that it shall not preclude the defendant from proving the real consideration, for the purpose of availing himself of any legal defence against the instrument. But it being considered only as a promise of repayment, it furnishes no presumptive evidence of the reception of any greater amount of money by the defendant, than the principal promised to be paid." Interest is undoubtedly recoverable as part of an express contract to pay interest. Canfield
v. Eleventh School District, 19 Conn. 529, 531.
 The court, therefore, must hold that the parties did not contract expressly or impliedly for the payment of interest under subsection (a) of the note. Due tender was made on December 5, 1968, of the amount legally due. Since the plaintiff mortgagees refused to receive the money legally due them on tender, they lost their interest from the date of due tender.