[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
In a Memorandum of Decision dated March 15, 1995, judgment entered in favor of the plaintiff against all defendants; thereafter counsel for both parties filed motions for articulation as to awarding interest on the indebtedness. Thereafter the court requested counsel to file supplemental briefs as to the issue of whether or not the plaintiff was entitled to interest and if so, what the amount of that interest should be.
 "The note in this case expressly provided for the payment of interest upon default. In failing to award interest, the court in effect remade the contract. Interest is allowed on the ground of an express or implied agreement to pay it or as damages for the breach of some contract or the violation of some duty. Ruscito v. F-Dyne Electronics Co., 177 Conn. 149, 163, 411 A.2d 1371
(1979). Whether interest is a proper element of damages is primarily an equitable determination and is a matter which lies within the discretion of the trial court. State v. Stengel, 192 Conn. 484, 487, 472 A.2d 350
(1984); Perl v. Case, 3 Conn. App. 111, 116, 485 A.2d 1331 (1985). Where, on the other hand, the parties have expressly contracted for payment of interest, the court does not have this latitude. Where the payment of interest is contractually agreed upon, interest is CT Page 4932 recoverable. Canfield v. Eleventh School District, 19 Conn. 529, 531 (1949); Kozienieski v. Whitcomb, 29 Conn. Sup. 110, 116, 273 A.2d 895 (1970)."
Guaranty Bank and Trust Co. v. Dowling, 4 Conn. App. 376, 385
(1985).
The agreement between the parties called for the payment of interest on the outstanding indebtedness in the event of a default on the account. Thus, the plaintiff was entitled to interest on the unpaid balance of the account from the date of default.
The court concludes that the date of default was as of January 28, 1993 which was about thirty (30) days after the date of the last invoice thus the determination of the interest computation should start from that date to the date of the court's decision on March 15, 1995. Thus, interest in the amount of eleven thousand-eighty dollars and twenty-eight cents (11,080.28) should be awarded to Shelton Winair Co. in addition to the judgment already entered in the amount of twenty-nine thousand four hundred-seventeen dollars and ninety-eight cents (29,417.98).
Accordingly the judgment is modified to include interest; and therefore judgment is entered for forty thousand-four hundred ninety-eight dollars and twenty-six cents.
THE COURT,
Byrne, J.