## WORTHINGTON V. HOLLISTER.

An execution returnable according to law, runs to the next court, which is sixty days or more from the date of the execution.

ACTION of assumpsit; declaring, that on the 11th of December A. D. 1782, the plaintiff being a deputy sheriff, had in his hands an execution in favor of John Dishon v. John Welles, dated the 4th of October A. D. 1782, and made returnable according to law, which execution issued on a judgment of the County Court, in the county of New London. That on said 11th of December A. D. 1782 he levied it on a quantity of salt, the property of said Welles, which the plaintiff delivered to the defendant at his store to keep and redeliver, at the end of twenty days, at which time he had posted it for sale: And that in consideration thereof, the defendant assumed and promised to deliver said salt to the plaintiff at the end of twenty days, etc. which he never did, etc.

Plea, nonassumpsit. Issue to the jury. It appeared that the next County Court, after the date of the execution, in the county of New London, sat on the fourth Tuesday of November A. D. 1782.

The defendant insisted that the return day of said execution was passed, at the time when it was levied, and that it had become of no force; and that the plaintiff acted without authority and was a trespasser.

The court agreed and determined — That after the return day of an execution is expired, an officer has no right to levy; but the court observed, that the statute required that executions should be made returnable within sixty days or to the next court, if there are sixty days to the next court — that when an execution is prayed out within sixty days of the next court, and made returnable according to law, it is returnable to the next court which hath sixty days from the date of the execution and the session of the court, which will make this execution returnable to the County Court in June A. D. 1783 — further, the officer is responsible at all events for the salt.

And verdict and judgment was for the plaintiff.