| 18 | 131 |
|----|-----|
| 58 | 258 |
| 18 | 131 |
| 60 | 351 |

## BASSETT *against* MASON.

*A*, being indebted to *C*, in the sum of 2000 dollars, *B*, as the surety of *A*, in *April* 1841, gave a note jointly with *A* to *C* for that sum, and, at the same time, *A* and *B* jointly mortgaged land worth 4000 dollars to *C*, as security for the payment of such note; and *C* afterwards assigned his debt and mortgage to *E*.    In *December* 1841, *D*, a creditor of *A*, attached *A's* interest in the mortgaged premises, and after having obtained an execution against *A* for about 600 dollars, levied it on such premises, and had that amount of *A's* in- terest therein set off to him, *D*.    In *June* 1842, *A* and *B* mortgaged the same land to *E*, subject to their previous mortgage, and the attachment of *D*, to secure a debt of 1950 dollars due from *A* to *E*.    On this mortgage *E* obtained a decree of foreclosure against *A* and *B* ; which decree, by non-payment of

*New-Haven,*
July, 1846.

Bassett
*v.*
Mason.

the debt thus secured, became absolute. *E* then, to perfect in himself the entire estate, purchased in the right acquired by *D* by the levy of his execution; and brought an action at law against *A* and *B*, (*A* being bankrupt,) on their note for 2000 dollars. On a bill in chancery brought by *B* against *E*, it was held, 1. that as the first mortgage had not been foreclosed, *B* could not effectually interpose a plea of payment to the action on the note, and consequently, had not adequate remedy at law; 2. that a court of equity would consider the union of the equitable and legal estates in the defendant, under the circumstances of this case, as effecting a merger, and thus a satisfaction of the mortgage debt; 3. that consequently, the defendant ought to be restrained from prosecuting his action on the note.

Where the value of the property mortgaged exceeds the mortgage debt, a foreclosure of that mortgage, having become absolute, operates, even at law, as a payment of the debt.

Tᴴɪꜱ was a bill in chancery to obtain from the defendant a conveyance of his interest in certain mortgaged premises, with other relief.

On the 1st of *April* 1841, *Alfred Bassett* being indebted to *Samuel R. Andrew* in the sum of 2000 dollars, *David Bassett*, the plaintiff, as the surety of *Alfred*, united with him in giving their joint note to *Andrew* for that sum, payable to him in one year, with interest; and to secure the payment of such note, they, on the same day, mortgaged to *Andrew* a certain tract of land owned by them as tenants in common. On the 22nd of *November* 1842, *Andrew* assigned, by a valid conveyance, his interest in said note and mortgage to *William H. Ellis*; and on the 18th of *November* 1843, *Ellis* assigned, in like manner, his interest therein to *Samuel Mason*, the defendant, who entered into possession of the mortgaged premises, taking to himself the rents and profits thereof.

On the 25th of *December* 1841, *John Colbourn*, in a suit brought by him against *Alfred Bassett*, attached all the interest of the latter in the mortgaged premises; and having afterwards obtained judgment and execution in such suit, *Colbourn*, on the 14th of *December* 1842, had such execution levied on the mortgaged premises, and so much of *Alfred Bassett's* interest therein, as amounted to 591 dollars, 21 cents, was set off to him, *Colbourn*.

On the 28th of *June* 1842, *Alfred Bassett* and the plaintiff mortgaged the same land to the defendant, subject to their previous mortgage, and the attachment of *Colbourn*, to secure a debt of 1950 dollars due from *Alfred Bassett* to the defendant. This debt being unpaid, *Mason*, the present defendant,

brought a bill of foreclosure against the mortgagors, and thereupon the superior court, at its session in *January* 1843, passed a decree foreclosing their right in the mortgaged premises. After the time limited for payment had elapsed, without any payment being made, *Mason,* in order to obtain a complete legal title to the premises, purchased of *Colbourn* the right acquired by him, by the levy of his execution. *Mason* also brought an action at law against *David* and *Alfred Bassett,* the latter being bankrupt, on their above-mentioned note for 2000 dollars; which action is now pending in the superior court.

The bill averred, that the value of the mortgaged premises was 6000 dollars. This the defendant, in his answer, denied; but admitted that they were worth 4000 dollars, and no more. On this point no enquiry was had, nor was any finding made, by the court.

The question whether, upon these facts, the plaintiff was entitled to a decree in his favour, and if so, what decree, was reserved for the consideration and advice of this court.

*Kimberly* and *J. S. Beach,* for the plaintiff, contended, 1. That the consequence of the defendant's foreclosure of his mortgage was, either that the mortgagors were foreclosed of all right and equity in the premises, and were precluded from redeeming the first, as well as the second mortgage; or the first mortgage was not affected by the decree, and is still outstanding, with an equity to redeem it remaining in the mortgagors. Upon the first hypothesis, this debt is in equity *paid.* If the defendant, by his decree, foreclosed the mortgagors of all right in the premises, he has got a perfect title to them, free from incumbrance. And he must appropriate the land in payment of the debts secured upon it, in the order of their priority. *Haine & al.* v. *Beach & al.* 3 *Johns. Ch. R.* 459. *McKinstry* v. *Mervin & al. Id.* 466. Especially, will equity appropriate it in payment of the first debt, when one of the mortgagors is but the mere surety upon that, and not holden at all upon the subsequent debts. Upon the other hypothesis, *viz.* that the equity in the mortgagors to redeem the first mortgage, was not affected, by the defendant's decree upon his second mortgage—the mortgagors had right to redeem *Andrew,* and compel the defendant to redeem them, before

perfecting his title. 2 *Sw. Dig.* 196. *Tice* v. *Annin*, 2 *Johns. Ch. R.* 125. It is a general rule, that where the equity of redemption is taken from the mortgagor by operation of law, the land is the primary fund to be appropriated in payment of the debt secured upon it. *McKinstry & al.* v. *Curtis*, 10 *Paige*, 503. *Cox* v. *Wheeler*, 7 *Paige*, 248. *Drake* v. *Bray* Ms. opinion of Chan. *Williamson*, 2 *Halst. Dig.* 630.

2. That the first mortgage being unaffected by the defendant's decree, the plaintiff, *David Bassett*, as the surety of *Alfred*, redeeming it, by paying the debt of his principal, is entitled to be subrogated in the place of the creditor, as to all securities in the hands of the creditor. 1 *Sw. Dig.* 153. *Hayes* v. *Ward*, 4 *Johns. Ch. R.* 123. 1 *Madd. Chan.* 235.

3. That the presumption against the owner of an equity of redemption, who purchases in an out-standing mortgage, is, that he does it for the benefit of the estate, and that the mortgage is thereby extinguished. *James* v. *Johnson*, 6 *Johns. Ch. R.* 417. *Starr* v. *Ellis*, *Id.* 393. *Cox* v. *Wheeler*, 7 *Paige*, 248. 258. This presumption will not be rebutted, unless the purchaser shows, that the mortgage is kept alive for some beneficial and equitable purpose. *Starr* v. *Ellis*, 6 *Johns. Ch. R.* 693. But here, the keeping of the mortgage alive would serve none but an injurious and inequitable purpose.

4. That the plaintiff is then entitled to relief. If, upon the defendant's foreclosure, and his purchase of the first mortgage, the debt secured by it was paid, and the mortgage secured by it extinguished, the plaintiff is entitled to an injunction against the farther prosecution of the suit at law. If upon such foreclosure and purchase, the debt was not paid, and the mortgage is still outstanding, with right in the plaintiff to redeem, then, upon paying this note, he is entitled to an assignment of the mortgage security. And in the latter contingency, the rents and profits received by the defendant, are to be deducted from the amount of the note.

*C. A. Ingersoll*, for the defendant, contended, 1. That the plaintiff, as mortgagor simply, was not entitled to the relief sought, as by the decree of foreclosure, he has been barred of all right, title and interest in the premises.

New-Haven,
July, 1846.

Bassett
*v.*
Mason.

2. That neither was the plaintiff, claiming, as *surety* of *Alfred Bassett*, entitled to any equitable relief; for, in the first place, a decree of foreclosure bars the right of a surety, as well as of a principal. Secondly, to enable the plaintiff successfully to claim rights against the defendant, as mortgagee by deed of the 28th of *June* 1842, he must show, that the defendant, at the time he took that mortgage, *knew*, or *had the means of knowing*, that the plaintiff was the surety of *Alfred*, on the note and mortgage to *Andrew*. *Orvis* v. *Newell*, 17 *Conn. R.* 97. Thirdly, if the plaintiff was the surety of *Alfred* for the debt to *Andrew*, and as such surety, was, as against *Alfred* and *Andrew*, entitled, upon payment of the debt, to the security which *Alfred* had given to *Andrew*, he has, by the mortgage of the 28th of *June* 1842, agreed, that that security should be postponed, until the mortgage to the defendant of the last-mentioned date should be satisfied; and that this mortgage should, as against the rights which he had as surety, have the priority. According to his claim, he had, on the 28th of *June* 1842, a lien, as surety, on the land mortgaged. On that day, he conveyed to the defendant what interest he had in the premises. If he had a lien, he then released it. Fourthly, it is a rule in equity, that where a party having a lien, *stands by*, and permits a security to be given to another, his lien shall be postponed. 1 *Pow. Mort.* 52. 2 *Pow. Mort.* 557. *Brinckerhoff* v. *Lansing*, 4 *Johns. Ch. R.* 70. Here the plaintiff not only stood by, but was a party to the second mortgage. Fifthly, the deed of the 28th of *June* 1842, to which the plaintiff was a party, will operate as an *estoppel* against any lien claimed by him at that time. *Hoyt* v. *Dimon*, 5 *Day* 479. *Stow* & al. v. *Wyse*, 7 *Conn. R.* 214. *Barber* v. *Harris*, 15 *Wend.* 615. *Jackson* d. *Van Keuren* v. *Hoffman*, 9 *Cowen* 270. 5 *Halst.* 102.

3. That the plaintiff is not entitled to relief, on another ground. He who comes into a court of equity, for equity, must first do, or offer to do, equity. The plaintiff has, by a deed pledged this property for the payment of two debts. He now seeks to obtain the legal title, by the payment of only one debt—by the payment of half what it has been pledged for. He is the mortgagor, having no legal right. But a mortgagor having no legal right, cannot claim to have the mortgaged premises conveyed to him, so long as there is a debt un-

paid to the mortgagee, for which the mortgaged premises are pledged.    *Phelps* v. *Ellsworth,* 3 *Day* 397.    *Scripture* v. *Johnson,* 3 *Conn. R.* 211.

CHURCH, J.    The facts in this case disclose a strong equity in favour of this application, which should be enforced, unless there be some adverse principle, so stubborn, that we are bound to yield to it.    It is quite certain, that unless there be a remedy for this plaintiff, he must be subjected to the payment of the debt, and also to the loss of the land pledged for its security.

We do not think the law furnishes an adequate and certain remedy to the plaintiff, and that he can effectually interpose a plea of payment to the action now pending on the note. Had the mortgage, which was given to secure the note now in suit, and against which suit this injunction is prosecuted, been foreclosed, such foreclosure would have operated as a payment even at law, because it is found to be true, that the value of the mortgaged property exceeds the amount of the note.    2 *Greenl. Ev.* 524.    And this principle has been recognized as the law of this state, from an early period of our judicial history; but it has not been extended beyond cases of foreclosure.    The court, in the early case of *Coit* v. *Fitch, Kirby* 254. says, that " neither ejectment, nor any proceedings on the land, will discharge the debt, *unless it be a foreclosure of the equity of redemption.*"    The mortgage given by *Alfred* and *David Bassett* to secure the payment of this note of 2000 dollars, to *Andrew,* has never been foreclosed.    When *Mason* foreclosed his subsequent mortgage, he was not the owner of this note ; he had not then purchased the first mortgage.    Either *Andrew,* the payee of the note, or *Ellis,* his assignee, then owned this note and mortgage ; and neither of them were made parties to *Mason's* bill or decree.

Afterwards, *Mason* got in the whole legal estate in the land, by purchasing the interest which *Colbourn* had acquired by the levy of his execution, and by taking an assignment of the first mortgage, and a quit-claim deed from the mortgagee. Thus the legal and equitable interests became united in him. If this operated as a merger of the estates, it did so only in equity.    This species of merger is a doctrine of a court of equity only.    The reason is obvious ;  for whether the union

of the legal and equitable interests shall operate as a merger, and thus as the satisfaction of a debt, depends upon equitable circumstances. As a general rule, it is true, that such union of interests operates as a satisfaction of the mortgage ; yet a court of equity, for reasons which it will approve, often treats these interests as distinct, and the mortgage as out-standing, although there has been an apparent union of the estates of the mortgagor and the mortgagee in the same person. A question of intention is sometimes to be settled, and the effect upon third persons to be considered. *Gardner* v. *Aston*, 3 *Johns. Ch. R.* 52. *James* v. *Johnson*, 6 *Johns. Ch. R.* 417. *Starr* v. *Ellis, Id.* 393. *Tice* v. *Annin*, 2 *Johns. Ch. R.* 125. *Cox* v. *Wheeler*, 7 *Paige's Ch. R.* 248. *Freeman* v. *Paul*, 3 *Greenl. R.* 260. *Thompson* v. *Chandler*, 7 *Greenl. R.* 377. It is proper, therefore, if not necessary, that the question whether satisfaction or not, be left to the decision of the equity courts.

This question being left to us, we do not hesitate, in the present case, to declare, that, by the union of the estates of mortgagor and mortgagee here, in *Mason*, the defendant, this mortgage should be treated as satisfied, and this debt as cancelled.

If there is no existing equity of redemption, under the first mortgage, still in *David Bassett*, as the court believe, *Mason* has a perfect title to the land mortgaged. This is the primary fund for the payment of this note, and it must stand appropriated to this purpose ; otherwise the debt remains, while the creditor has received its equivalent, which he refuses to release. The present parties alone are interested in this question—no third persons have interests which can be affected by its decision ; and it is obvious from the answer of the defendant, that his intention, in purchasing the interest of *Colbourn*, and the *Andrew* mortgage, was, to perfect in himself the entire estate in this land, both legal and equitable. By treating this debt as satisfied, we carry out the original purpose of the defendant, and do entire justice to all.

We shall advise the superior court, therefore, that this bill

*New-Haven,
July, 1846.*

Bassett
*v.*
Mason.

be granted, with an injunction to stay the further prosecution of the action upon the note.

In this opinion the other Judges concurred.

Decree for plaintiff.