[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (No. 117)
Keystone Mortgage Services Corp. ("Keystone"), one of the defendants in this foreclosure action has filed a special defense that the plaintiff has engaged in inequitable conduct and breached "an obligation of good faith and fair dealing" that the plaintiff allegedly owed to it. The complaint alleges that the named defendant, James F. McDonnell, is indebted to the plaintiff by a promissory note secured by property in Plymouth. Keystone previously acquired title to the premises at a foreclosure sale resulting from an action brought against McDonnell by Keystone. Keystone's special defense avers that it has requested reinstatement figures from the plaintiff in order to reinstate the subject mortgage and keep it current while Keystone attempts to sell the property. Keystone further alleges that the plaintiff has stated that it will not allow Keystone to reinstate the mortgage. It is this refusal that constitutes the alleged breach of an obligation of good faith.
The plaintiff has moved to strike Keystone's special defense on the ground that it fails to state a claim upon which relief may CT Page 9391 be granted. The court agrees. While foreclosures are equitable in nature and a first mortgage may owe a duty of good faith to other parties in some instances, see Connecticut Bank Trust Co. v. Carriage Lane Associates 219 Conn. 772, 782-83 (1991), Keystone here is attempting to assert a right to cure McDonnell's default. Absent some contractual right, this is simply a right that it does not have. Of course, a purchaser of the equity from the mortgagor may be entitled to redeem, Loomis v. Knox, 60 Conn. 343,350 (1891), but the supposed right asserted here is quite different. Keystone's special defense has no basis in law.
The motion to strike is granted.
JON C. BLUE, Judge of the Superior Court