[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ASTO LIABILITY
For the purposes of deciding the motion for summary judgment filed by the plaintiff the defendants in their opposition brief state that they "will assume the facts are as stated in the plaintiff's" summary judgment motion. Although later in their brief the defendants seem to say there are disputed issues of fact and law they really do not point to any disputed factual issue nor do they contest any of the factual representations made by the plaintiff as set forth in its statement of facts. I will therefore adopt the plaintiff's statement of facts as set forth in the introduction to its brief. The question presented to the court is in fact an issue of law and involves the interpretation of § 49-1 of the General Statutes.
FACTS
On June 12, 1986, the defendants, Glenn John Smith and Cheryl-Lynn Smith executed a promissory note payable to the order of First Federal Bank of Connecticut FSB in the principal amount of $76,000.00. First Federal Bank of Connecticut became known as First Constitution Bank and assigned this note to the plaintiff on or about August 26, 1986. Webster Bank is the servicing agent bank for the plaintiff, Federal Home Loan Mortgage Corporation.
By a deed of that date (June 12, 1986), to secure the note, the defendants mortgaged the premises known as Unit 452 at 175 Mill Pond Road of Mill Pond Village situated in the town of CT Page 5284-AAAAAAA Hamden.
As of September 1, 1992, the defendants failed and neglected to pay not only the principal and interest payments on their note to the plaintiff when it became due, but they also neglected to pay the common charges due the condominium association in which they were enrolled, and the condominium association commenced an action to foreclose upon its statutory lien for common charges that were delinquent and outstanding and were a lien prior in right to the lien of the plaintiff's mortgage.
The Mill Pond Village Association, Inc., the condominium association, obtained a judgment against Glenn John Smith and Cheryl-Lynn Smith on February 28, 1994. The Smiths failed to redeem the premises from the foreclosing association on or before their assigned law day, (April 25, 1994) and the plaintiff, on its assigned law day, redeemed the premises from the association by paying the defendants' debt, plus costs. Title to the premises vested in the plaintiff as of that time.
After the plaintiff obtained possession of the premises, (the defendants continued living in the unit and had to be ejected), the plaintiff declared the note in default and commenced the present action to obtain payment on its note, claiming that the balance due is the amount of the defendants' debt, less the fair market value of the premises at the time the plaintiff acquired title to the security. An appraisal conducted by a licensed real estate appraiser found the market value of the unit to be $48,000.00. The plaintiff's debt was determined to be $76,125.42 as of December 13, 1994, and the plaintiff claims that the defendants are liable in damages for the difference, plus costs and attorney's fees.
(1)
The defendants claim there exists an issue of material fact as to whether or not a debt exists in favor of the plaintiff and quote from FDIC v. Voll, 38 Conn. App. 198 at page 209 where the court says:
 ". . . in an action on a promissory note, unlike in the deficiency judgment procedure, the issues of whether any debt is owing and, if so, the amount of the debt owed must be resolved. Those issue, not the issue of property value, are resolved by a jury CT Page 5284-BBBBBBB in an action on a note."
To establish liability the defendant argues that plaintiff must establish a debt exists. Here the plaintiff is moving for summary judgment as to liability only so the exact amount of the debt need not be established. To secure its right to that limited remedy it seems to the court that the plaintiff need only present evidence that the amount allegedly owed on the note sued upon exceeds the value of the property to which the plaintiff has taken title. Affidavits submitted by the plaintiff refer to the fact that a licensed and certified appraiser has valued the property at an amount less than the amount owing on the note, which is also established by affidavit. The defendants have not submitted any counter affidavits as to what is the unpaid balance of the note or as to the value of the property. Thus, leaving aside the defense as to the whole action which the court shall consider shortly the court can conclude a debt is owing "although there is a genuine issue as to damages," P.B. § 385.
(2)
The defendants' chief contention is raised in a special defense. They claim the plaintiff "by taking title to the property during the course of their prior foreclosure action through redemption, elected their remedy in favor of possession rather than suing upon the note and are now barred from pursuing an action on the note pursuant" to § 49-1 of the General Statutes. That statute in pertinent part reads:
 "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note, or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure . . ."
Section 49-14 of the General Statutes provides that: "At any time within 30 days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . ."
The defendants point out that the plaintiff was a party to the foreclosure proceeding commenced by the condominium association, Mill Pond Village Association, Inc. Judgment entered in the foreclosure proceeding in favor of Mill Pond Village; the plaintiff in this case then redeemed its interest and took title CT Page 5284-CCCCCCC of the property. The plaintiff after acquiring title, however, did not seek or obtain a deficiency judgment. The defendants argue that Section 49-1 merely sets forth the common law rule requiring a creditor to choose between an action at law on the note and an action at equity by foreclosure proceedings; they cite New Haven Savings Bank v. Warner, 128 Conn. 662 (1942) andFDIC v. Voll, supra.
The defendants equate the plaintiff's exercise of its right of redemption to the common law rule that the institution of a foreclosure action by a mortgagee is an election to look to the land for the debt and that thereafter an action on the note which is secured by the mortgage cannot be brought.
The defendants' position is not supported by the rationale behind the common law rule or by the statutory language of §§49-1 and 49-14 of the General Statutes, therefore it would not lead to a fair result.
The common law doctrine was based on the notion that if the mortgagee proceeded against the land and instituted a foreclosure action "whereby the mortgagor is totally divested of his equity of redemption, the debt is thereby paid and discharged. And if it eventually proves insufficient to raise the sum due, it is the mortgagee's own fault, and at his risk." M'Ewen v. Wells, 1 Root 101, 203 (1790).
The doctrine was equitable in nature and somewhat akin to election of remedy theory. As one court said in applying the common law doctrine: "we see no reason why the mortgagee should be permitted to harass his debtor by two suits at the same time, both tending to the same result," Anderson et al v. Pilgrim,9 S.E. 587, 588 (S.C., 1889).
In this case the foreclosure action was initiated not by the plaintiff bank but by the condominium association which had a lien on the property and pursuant to § 47-77 of the General Statutes had a right to foreclose on the lien by suit "in like manner as a mortgagee of real estate." The plaintiff here was merely joined as a defendant in the foreclosure action. It cannot be fairly said that it "harassed" the defendants because it did not initiate the foreclosure action and it only redeemed the property after the defendants' law day had expired. A law day was given in that action and the defendants failed to redeem on or before their law day; the day afterward was the law day of CT Page 5284-DDDDDDD defendant Federal Home Loan Mortgage Corporation, (Mortgage Corporation), the plaintiff in this action. The plaintiff Mortgage Corporation neither initiated the foreclosure action nor did it "divest" the defendants of their equity of redemption — not having redeemed by their law day they were divested of that equity before the Federal Home Loan Mortgage Corporation redeemed the premises from the condominium association by paying the debt claimed by the association, cf. Cion v. Schupack,102 Conn. 644, 648-649 (1925). The common law doctrine has been strictly construed. Bassett against Mason, 18 Conn. 131, 136
(1846) held that "`neither ejectment nor any proceedings on the land will discharge the debt, unless it be a foreclosure of theequity of redemption'" (emphasis by court). Here the Mortgage Corporation did not institute the foreclosure action and did not foreclose on the defendants' equity of redemption — that was already extinguished before the Mortgage Corporation redeemed the premises.
First Bank v. Simpson, 199 Conn. 368 (1986) construes §49-1 which embodies the common law rule and it is instructive. True that case differs from this in that the mortgagee claiming a right to proceed on the note did not redeem on the property. But this does not mean, of course, that the court's interpretation of the language of § 49-1 is not binding. And it also follows that if the defendants cannot base their defense on § 49-1 on what else do they base their defense? The Simpson court explicitly refers to the language of § 49-1: "the foreclosureof a mortgage is a bar to any further action upon the mortgagedebt, note, or obligation", (emphasis by court, id. p. 372). At the same page the court said: "We construe the term `mortgage debt' to refer to the mortgage of the plaintiff who initiated the foreclosure action." Here the condominium association initiated the foreclosure action and the only "mortgage debt" involved in that action was its claim for unpaid condo dues and association fees. Here as in Simpson the party seeking to bring an action on the note is not barred from doing so "merely because it was joined as a party to the foreclosure proceedings," id. p. 372. The defendants' position really does not rely then on the language of § 49-1 but it is an argument by way of analogy — if a party defendant in the foreclosure action acquires the land after the mortgagor's law day has passed that party's right to proceed on a note is barred just as if it had initiated a foreclosure action. The statute does not permit such a reading and the common law doctrine does not support such a position. CT Page 5284-EEEEEEE
Furthermore, the defendants' position can be said to interfere with the general purposes and fair operation of the statutory scheme. Section 49-14 provides for the securing of a deficiency judgment by any party to a foreclosure action "at any time within thirty days after the time limited for redemption has expired." This was an attempt to ameliorate the rigors of the common law by providing that the party bringing the foreclosure action is not limited to satisfaction of his or her debt from the foreclosed property if it complies with § 49-14. But Simpson
makes clear that § 49-14 only applies to claims by foreclosing plaintiffs. It did not apply to a non foreclosing second mortgagee in Simpson how can it apply to a non foreclosing party such as the Mortgage Corporation here, see 199 Conn. pp. 373-377? As Simpson pointed out at page 373: "This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property." The only "debt" established in the foreclosure action in this case was the "debt" of the condominium association which brought the foreclosure action. Section 49-14
was not created to protect the interest of a party in the plaintiff Mortgage Corporation's position.
Having no right to secure a deficiency judgment under §49-14 in the original foreclosure action, it made economic sense for the plaintiff in this action to redeem the property, if for no other reason than to preserve and protect the only viable asset available to cover its debt. Under these circumstances how can it be said by redeeming the property the plaintiff here "elected" to satisfy its debt out of that property and is now barred from suing on the note for that portion of the debt not satisfied by the property? The defendants did not redeem by their law day so the plaintiff's later redemption of the property did not deprive them of any asset they would otherwise have access to — that was already accomplished by the proceedings in the foreclosure action which was not instituted by the plaintiff Mortgage Corporation.
Also how could it be reasonable to say that a party that has a note secured by a mortgage can bring a foreclosure action to secure the property and although this party cannot then bring an action on the note, it can bring an action for a deficiency judgment but a party, in the present plaintiff's position, that did not bring a foreclosure action and only redeems the property to secure it for its debt cannot bring an action for a deficiency judgment and cannot proceed on the note to recover the balance CT Page 5284-FFFFFFF due after the value of the property is deducted. It seems to the court this would be unfair. The plaintiff's motion for summary judgment as to liability is granted.
Corradino, J.