Ryan *v.* May.

---

EBENEZER Z. RYAN, surviving Assignee of Bank of Illinois, Appellant, *v.* JACOB MAY, Appellee.

APPEAL FROM LAWRENCE.

The legal title to a note by our statute cannot be transferred by a separate instrument in writing. The mode pointed out by the statute must be pursued, in order to vest a right of action in the assignee.

The general rule, that a demurrer must be carried back and sustained to the first defective pleading, does not apply so as to carry it behind a plea in abatement. If the plea is bad, the judgment must be *respondeat ouster.*

A demurrer to one pleading, cannot be carried back to another to which it did not profess to be an answer, and with which it had no connection.

The opinion contains a full statement of the case. The cause was heard before HARLAN, Judge, at September term, 1852, of the Lawrence Circuit Court.

WILLIAM THOMAS, for appellant.

Ryan *v.* May.

C. H. CONSTABLE and A. KITCHELL, for appellee.

CATON, J. This action was brought upon a note payable to the bank, by Ryan, surviving assignee of the bank, in whom the legal title was vested by the assignment and several acts of the legislature. The defendant filed a plea in abatement, which states in substance, that Ryan was not the assignee of the bank, and had no legal interest in the note sued on, because he with others had, by a certain deed of indenture, conveyed and transferred the note to William Thomas. To this plea a replication was filed, averring that Ryan did not by indorsement on the note assign it to Thomas, so as to vest the legal title in him. To this replication a demurrer was filed, which was sustained by the circuit court, and judgment rendered for the defendant on the plea in abatement. The defence set up by the plea, was certainly not answered by the replication, and if the plea was good, the replication was undoubtedly bad. The plea states, that Ryan assigned the note to Thomas by a separate instrument. This statement is not denied by the replication, but that avers, that Ryan did not assign it by indorsement thereon. The plea in our opinion was insufficient. It did not show that the legal title to the note had passed out of Ryan. By our statute the legal title to a note cannot be transferred by a separate instrument in writing. The statute says that the note, bond, bill, &c., " shall be assignable by indorsement thereon, under the hand or hands of such person or persons, and of his, her, or their assignee or assignees in the same manner as bills of exchange are, so as absolutely to vest the property thereof in each and every assignee or assignees successively." This is the mode pointed out by the statute, and it must be pursued in order to vest a right of action in the assignee of a note. The plea, therefore, did not show that the legal title had passed from the plaintiff to Thomas. The demurrer should have been carried back to the plea.

But the defendant insists that the declaration was also bad, because the time had elapsed within which the assignees were required to wind up the affairs of the bank ; and that hence the rights of the plaintiff, as assignee, had ceased. This question we are not at liberty now to investigate. It is a general rule, that a demurrer must be carried back and sustained to the first defective pleading. This rule does not apply, so as to carry a demurrer behind a plea in abatement. If the plea is bad, the judgment must be *respondeat ouster.* In stating the exceptions to the general rule, that a demurrer must be sustained to the first defective pleading, Mr. Stephen says : " First, if the plain-

tiff demur to a plea in abatement, and the court decide against the plea, they will give judgment of *respondeat ouster*, without regard to any defects in the declaration." Stephen's Plead. 144. This rule was applied in Rich v. Pilkington, Carthews, R. 171, and in Hastrop v. Hastings, 1 Salk. 212.

When we consider the peculiar character of a plea in abatement, the reason is obvious. Unlike other pleas, a plea in abatement does not profess to answer the declaration, or defeat the cause of action. It goes only to the writ. It would be inconsistent with all sound rules of pleading, to carry a demurrer to one pleading back to another, to which it did not profess to be an answer, and with which it had no connection. Dean v. Boyd, 9 Dana, 179; Crawford v. Slade, 9 Alabama, 887. The demurrer should have been sustained to the plea in abatement, and a judgment rendered, that the defendant answer over.

The judgment of the circuit court must be reversed, and the cause remanded. *Judgment reversed.*