JOHN W. CHICKERING et al., Plaintiffs in Error, *v.* BENJAMIN W. RAYMOND et al., Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Assignees of a bankrupt may maintain trover for the conversion of a promissory note covered by the assignment; which gives them a property in the note and a right to possession.

THIS cause was heard before J. M. WILSON, Judge, at February term, 1854, of the Common Pleas Court of Cook County.

H. F. WAITE and H. FRINK, for plaintiffs in error.

ARNOLD, LARNED, and LAY, for defendants in error.

TREAT, C. J.   This was an action of trover, brought in November, 1853, by Raymond and Ryerson, trustees of Allen Vane & Co., against Chickering and James, attorneys at law and partners, to recover the value of a promissory note for $400, dated the 29th of December, 1851, made by Samuel Porter, and payable to Allen Vane & Co. ninety days from date.   The plea was not guilty.   On the trial, in February, 1854, the plaintiffs offered in evidence a deed of assignment from Allen Vane & Co., bearing date the 3d of March, 1852.   It conveyed to the plaintiffs all of the property and effects of Allen Vane & Co., in trust for the benefit of their creditors.   It authorized the plaintiffs to continue the business of Allen Vane & Co. for three years, if they should deem it best for the interest of the creditors; and it gave them power to sell the property on credit. The defendants objected to the introduction of the deed, because these provisions rendered it invalid; but the court overruled the objection, and admitted the deed in evidence.   A witness testified, that, on the 10th of May, 1852, as attorney of the plaintiffs, he exhibited to the defendant James a receipt as follows: " Received February 10, 1852, of Allen Vane & Co. Samuel Porter's note, dated December 29, 1851, for $400, and payable in ninety days, as collateral security for the payment of Allen Vane's note of $60.06, and $3.02 costs, in my hands for collection, in favor of Brinkerhoof and Penton; when said amount is paid, I will deliver to Allen Vane & Co. said Porter's note.   R. E. Goodrich, constable."   The witness then asked James if Chickering and James had the note in question, and he replied that they had; the witness demanded the note, and proposed to pay the amounts specified in the receipt, but James said the note was held as security for a further claim in favor of Brinkerhoof and Penton against Allen Vane & Co., and he would not give it up unless that was settled; the witness then made a formal tender of the amount appearing to be due by the receipt, which James refused to receive; the witness, in September, 1853, presented the same receipt to Chickering, and tendered him the amount appearing to be due thereby, and demanded the note; Chickering said he would take the money, but could not give up the note, as it was then in judgment.   It was admitted by the parties, that a suit was brought on the note by the defendants, in the name of Allen Vane & Co., to the use of Brinkerhoof and Penton, on the 16th of August, 1852; that

a judgment was recovered therein for $410.80 on the 9th of Sept. 1852; and that the judgment was collected by the defendants. It was proved by the defendants that Brinkerhoof and Penton obtained a judgment against Allen Vane & Co., on the 26th of March, 1852, for $131.45; that an execution issued thereon was returned *nulla bona;* and that Brinkerhoof and Penton in April, 1853, assigned this judgment to the defendants. On this evidence the court found the issue in favor of the plaintiffs, and assessed the damages at $375.33, for which amount they had judgment.

It will not be necessary to pass upon the objections taken to the assignment. The deed is good as between the parties. As to them, the title to the property passed to the plaintiffs. If the objections are valid, they can only be so declared at the instance of creditors of the assignors. Strangers cannot insist upon them. Although the defendants were the owners of a judgment obtained against the assignors, they were not in a position to attack the assignment. They can claim nothing in this suit in respect of the judgment. They must levy an execution on the assigned property, or institute proceedings to reach the effects in the hands of the plaintiffs, before they can assail the assignment. Conkling *v.* Carson, 11 Illinois, 503; Cook *v.* Miller, Ib. 610.

The principal question in the case is, whether the plaintiffs can maintain trover for the conversion of the note. The deed of assignment did not vest them with the legal title to the note, so as to authorize them to sue upon it in their own names. Under our statute, the title to a promissory note cannot be transferred by a separate instrument of writing. It can only be done by an indorsement on the note itself. Ryan *v.* May, 14 Illinois, 49. Although the naked legal title remained in the payees, still the entire beneficial interest passed to the plaintiffs. They became the equitable owners of the note, and entitled to the exclusive possession and control thereof. They could recover the possession from the payees in the appropriate action. They could sue upon it in the names of the payees, and control the proceedings; and the money when recovered would be their property. They had therefore property in the note, and the right to possession; and that was sufficient to enable them to maintain trover against parties having no interest in the instrument. Proof of property and of a right to possession at the time of the conversion, will enable a plaintiff to support trover. In cases precisely like the present, the courts have permitted the equitable owner to maintain trover. It was held in Clowes *v.* Hawley, 12 Johnson, 484, that the assignee of a bond for the

Chickering et al. *v.* Raymond et al.

conveyance of land could maintain trover against the obligor, who had obtained possession of the instrument and converted it. It was admitted that the assignee could not sue the obligor on the bond itself, yet he was allowed in this form of action to recover its value. In Tilden *v.* Brown, 14 Vermont, 164, a party was permitted to maintain trover for a check, which was his property, though not indorsed or payable to him. In Donnell *v.* Thompson, 13 Alabama, 440, the equitable owner of a promissory note was allowed to maintain trover against a party who had acquired possession of the instrument, and collected it by suit in the name of the payee to his use. See also the cases of Goggerly *v.* Cuthbert, 5 Bosanquet and Puller, 170; Evans *v.* Kymer, 1 Barnewall and Adolphus, 528; Murray *v.* Burling, 10 Johnson, 172; and McNear *v.* Atwood, 17 Maine, 434. The case of Webster *v.* Heylman, 11 Missouri, 428, holds a different doctrine, but it is clearly against the current of authority. The evidence justified the judgment of the court. At the time of the assignment, the defendants were in the lawful possession of the note, and had the right to retain it until the payment of the debt for which it stood pledged; but their possession became wrongful, when the plaintiffs tendered the amount of the debt and demanded the note. There was nothing in the case to show that they or their principals had any lien on the note to secure the payment of any other demand against the payees. The fact that the note was pledged for the payment of one debt, gave them no authority to hold it as security for the payment of another debt. Their subsequent collection of the note was clearly a conversion, for which they are liable to the plaintiffs. The court properly deducted the sum tendered by the plaintiffs from the amount due on the note. It may perhaps be, if the conversion had happened prior to the assignment, that the plaintiffs could not maintain this action, on the principle that a tort is not assignable. But the conversion actually took place after the note became the property of the plaintiffs. And it may also be, that the action might have been brought in the names of the payees of the note. But we are satisfied on both principle and authority, that the action may well be maintained by the plaintiffs.

The judgment is affirmed.

*Judgment affirmed.*