DANIEL P. ELSTON *et al.*, Plaintiffs in Error, *v.* ROBERT DEWES, Defendant in Error.

ERROR TO COOK.

Where too large a judgment by default has been rendered against a party (within the *ad damnum*), he should apply by motion to the court rendering the judgment to correct it. After a considerable delay the Supreme Court will not interfere.

Prior to the act of the General Assembly of 1861, days of grace could not be claimed by the maker of a note.

THIS was an action of assumpsit in the Circuit Court of Cook county, brought by the defendant in error, Dewes, against Daniel T. Elston, Orin J. Rose, William H. Davis and Otho Klemm, as copartners, under the firm name of "D. Elston & Co." The precipe and declaration were filed, and the summons issued on the 16th day of June, A. D. 1858.

The declaration contained only one count, which was upon a promissory note, dated May 14, 1857, for the sum of $10,000, payable thirteen months after date, with interest at the rate of ten per cent. per annum from the 14th day of July, A. D. 1857.

On the 30th day of June, 1858, judgment by default, against Elston and Rose, impleaded with the other two defendants below, was entered, and the damages assessed by the court, and final judgment rendered in favor of the plaintiff below for $10,975 damages, besides the costs, etc.

None of the defendants appeared in the court below. The summons was served only upon Rose and Elston.

The plaintiffs in error insist that the judgment was too large by the sum of $13.87.

The judgment had been rendered nearly four years when this writ of error was sued out.

BURNHAM & MARTIN, for Plaintiffs in Error.

Cited, 3 Gilm. 637, 643; 4 Gilm. 79—83; 3 Scam. 195, 350; 24 Ill. 40—51; 3 Kent's Com. 100; 4 Metc. 205.

WILLIAMS, WOODBRIDGE & GRANT, for Defendant in Error.

Cited, *Sims* v. *Hugsby*, Breese (Beecher's ed.), 414; 6 Mass. 272; 2 Wash. 173; 3 Scam. 411; 14 Ill. 55; 22 Ill. 657; 25 Ill. 336.

BREESE, J. The time which has elapsed since the judgment was entered in this cause in the Circuit Court, the presumption which must obtain that it has been enforced by execution, under which important rights and interests are now involved, would incline this court to adhere to the rule established in the case of *Sims* v. *Hugsby*, Breese (new ed.), 414, wherein this court said: If too large a judgment has been rendered against the appellant in the court below, his remedy is by motion there. The error complained of is rather the mistake of the clerk than the error of the court. In a case like the present, the law has assigned to the clerk the duty of assessing the damages, and if, in the discharge of that duty, he should allow either too much or too little, the court under whose direction it is made, will, upon motion, correct it. To that court, then, and not to this, the application should be made. So also in *Smith* v. *Lusk*, 3 Scam. 411. The cases cited by plaintiffs in error are all cases in which the recovery exceeded the damages claimed in the declaration. Here, the damages are within the claim, and the cases do not apply.

The case of *Boyle* v. *Carter*, 14 Ill. 49, was a case brought up by appeal, in which no right of the parties could be affected by reversing the judgment for an error in the computation of interest, and entering a judgment here.

As to days of grace previous to the act of Assembly of 1861, it has never been conceded they could be claimed by the maker of a promissory note.

The judgment must be affirmed.     *Judgment affirmed.*