ALEXANDER EDGMON

*v.*

MATTHEW ASHELBY.

1. NEW TRIAL—*on finding as to facts.* Where there is considerable contradictory and conflicting testimony upon the disputed questions of fact in a case, the parties themselves being the principal witnesses, and the verdict is not clearly against the preponderance of the evidence, and the

11—76TH ILL.

jury have been properly instructed, this court seldom interferes, unless it appears that injustice has been done.

2. SAME—*newly discovered evidence.* Where the newly discovered evidence would not be conclusive if admitted, and the case was pending two years before trial, affording ample opportunity to obtain testimony, a new trial will not be granted on the ground of the discovery of such new testimony.

3. INTEREST—*due bill.* A due bill reading, "Due A, on settlement, $96, April 16, 1869," and signed by the maker, bears six per cent interest from date.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of assumpsit, brought by the appellee against the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellant.

Messrs. KETCHAM & TAYLOR, and Mr. E. P. KIRBY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Morgan circuit court, counting on a due bill and on an account stated, a bill of particulars accompanying the declaration, brought to the May term, 1872, by Matthew Ashelby, against Alexander Edgmon. The cause was continued from term to term until the November term, 1873, at which term the defendant pleaded non-assumpsit, and set-off, accompanying the same with a bill of particulars. The cause was then continued to May term, 1874, when a trial was had by a jury, and a verdict rendered for the plaintiff for three hundred and five dollars and eighty cents. A motion for a new trial was entered by the defendant, which, on a *remittitur* being entered for fifty-eight dollars and fifty cents, was denied by the court, and judgment rendered for two hundred and forty-eight dollars and fifty cents. To reverse this judgment the defendant appeals, and assigns as error the refusal

of the court to grant a new trial, insisting that the verdict is against the preponderance of the testimony, and instructions for plaintiff wrong, and refusing instructions asked by defendant.

We have fully considered all the points made on this appeal, and are satisfied none of them have weight.

The due bill was in these words, to which no objection was made : "Due Ashelby, on settlement, $96, April 16, 1869." This note, under the statute, bore interest from date. The plaintiff's account, attached, evidenced various items, and on trial a question was asked in regard to the sale of certain hogs by plaintiff to defendant, which was not specified in the bill of particulars, and on objection made by defendant to any testimony on that point, the court, on motion of plaintiff, permitted him to amend his bill of particulars, which was done, defendant not objecting, by adding the item of a sale of twelve hogs at $180; cash, $30; 5 cords wood, $25; interest, $100.

Defendant's bill of particulars, under his plea of set-off, was composed entirely—except an item of four and a half cords wood at $4, and interest four years at 6 per cent—of brick and tile, sold and delivered by defendant to plaintiff. The chief controversy was about the amount of brick and the delivery of the hogs, defendant insisting they were delivered prior to the date of the due bill, in 1866 or 1867, and settled for on the execution of the due bill. Plaintiff contended they were sold and delivered afterward.

Much testimony was heard on the several points in dispute, the parties being their own principal witnesses. It was a case peculiarly fitted for a jury of the neighborhood to decide, who are presumed to know the parties and the witnesses, and something of the nature of the transactions spoken of, which so often occur in the ordinary course of life. In such case, where the verdict is not clearly against the preponderance of the evidence, and the jury have been properly instructed, this court seldom interferes, unless it shall appear that injustice has been done.

The instructions in this case were more in number on both sides than its exigencies required. There may be some slight inaccuracies in those given for each party, but not of a character to mislead the jury. The jury were required to allow interest on the due bill at six per cent, and if interest was allowed on the account, it may have been included in the *remittitur*.

The jury did right in their finding on the evidence before them. The newly discovered evidence by McMillen would not be conclusive if admitted. The cause was pending two years before it was brought to trial, affording defendant ample opportunity to obtain testimony, especially that of McMillen, as he lived near the county seat, and on diligent inquiry he could have traced the hogs to the farm of McMillen and found out from him all he knew about the matter.

Upon a review of the whole case, believing justice has been done, the judgment must be affirmed.

*Judgment affirmed.*