Smith *v.* Read.

------------------------------

WILLIAM A. SMITH *vs.* SARAH E. READ.

The laws of the state of New York provide that real estate shall be assessed
and taxed in the name of the "owner or occupant," and require that
the name of such owner or occupant shall be entered on the assess-
ment roll. Held that under them an assessment was void which named
the husband as the owner of real estate belonging to his wife, he
living separately from her and not being an occupant of the property.

Smith *v*. Read.

Also an assessment in the name of Julia Read, the owner being Sarah E. Reed.

A conveyance of real estate was made subject to a mortgage, which the grantee assumed—the language of the deed being as follows:—"Subject to a certain mortgage now held by the Queen's County Savings Bank to secure the sum of $7,000, with interest thereon, which said amount the grantee assumes and agrees to pay." The mortgage then covenanted that the property was "free from all incumbrances except as aforesaid." Held to mean that the incumbrance was not merely the $7,000 with accruing interest, but that amount with any back interest that might be unpaid.

There was no presumption, from the fact that the mortgage was held by a savings bank, that the interest had been collected as it fell due.

[Argued May 3d—decided July 27th, 1883.]

ACTION for the breach of a covenant against incumbrances; brought to the District Court of Litchfield County, and tried to the court before *Warner, J.* Facts found and judgment rendered for the plaintiff for a part of his claim. Appeals by both parties. The case is sufficiently stated in the opinion.

*H. B. Lawrence*, with whom was *W. B. Smith*, for the plaintiff.

*A. H. Fenn*, for the defendant.

LOOMIS, J. This is an action to recover damages for a breach of covenants against incumbrances. The District Court sustained the plaintiff's claim in part and denied it in part, and both parties appealed. One alleged breach of the covenant is, that the premises conveyed to the plaintiff were, when conveyed, subject to a lien to secure the payment of certain taxes theretofore assessed against the property.

Between the months of April and August, 1879, the property was entered upon the assessment roll for the town of Flushing, Queen's County, New York, for the purposes of taxation for that year, in the name of Jehiel Read, the husband of the defendant, but who did not live with her, and did not then reside in Flushing, and who has ever since lived elsewhere, separate and apart from the defendant.

In December following the assessment roll was confirmed by the board of supervisors for the county and a warrant issued for the collection of the tax. The board of trustees for the village of Flushing also levied a tax on the same real estate against Jehiel Read on the assessment roll for 1879. These taxes, with interest and charges, were paid by the plaintiff in February, 1881.

In 1880 the property was assessed in the name of Julia Read, an unknown person. No person of that name owned or occupied the premises at that time. Town and village taxes were levied on the assessment roll for that year, which were also paid by the plaintiff in February, 1881. The plaintiff claimed to recover the amount paid for these four taxes. The court in respect to that claim decided against the plaintiff. His appeal raises the question whether that decision was correct. We think it was.

The finding fails to satisfy us that there was any lien on the property for the taxes or any of them. The assessment was not in the name of any person who owned or occupied the premises. The statutes of New York authorize real estate to be assessed and taxed in the name of the owner or occupant; and they require that the name of the owner or occupant shall be entered on the assessment roll. Revised Statutes of New York (ed. of 1882), vol. 2, p. 990.

At the time these assessment rolls were prepared the premises were owned and occupied by the defendant, and her name does not appear on either roll. Jehiel Read, against whom the taxes for 1879 were assessed, neither owned nor occupied the premises; and Julia Read, against whom the taxes for 1880 were assessed, was a fictitious person.

In *Dubois* v. *Webster*, 7 Hun, 371, it was decided that a tax on property against one who neither owns nor occupies it will not justify a distress and sale of the goods and chattels of one who does occupy the premises, but who is not named in the assessment roll. The court say :—" When the statute provides that real estate may be assessed to the 'owner,' the name of the owner must be inserted in the

assessment roll. It is the same with the word ' occupant.' Any other rule would lead to great confusion, uncertainty and injustice. These defects appearing on the face of the roll render it invalid. Under the assessment laws of the state such a defect would be fatal." This seems to recognize the necessity of entering upon the assessment roll the name of the right person. We think it is fairly inferable from that decision, and also from the statutes, that a tax on real estate to a person who does not own or occupy it, would not be a valid tax and could not become a lien on the land.

The counsel for the plaintiff claims, or rather suggests, that the taxes in question were not levied against the persons, but against the land, and were valid, and became liens upon the land irrespective of the persons named in the roll. We find nothing in the general statutes of New York, nor in the special statutes applicable to Queen's County, that will justify this claim. The tenor of all the statutes, so far as we can discover, seems to be against it. They require that the assessment roll shall be made out in four columns. In the first shall be inserted the name of the person taxed, in the second the quantity of land, in the third the value of the land, and in the fourth the value of taxable personal property. The assessment roll must be confirmed by the board of supervisors of the county, and that board issues its warrant to the receiver or collector of taxes. The collector in the first instance collects all taxes, those on real estate as well as those on personal property, and, if need be, by distress and sale of the goods and chattels of "the persons who may be charged with such taxes." If in that manner he is unable to collect he makes return to the county treasurer, who alone is authorized to proceed against the real estate. He issues a warrant to the sheriff, and the sheriff levies it upon land. The warrant becomes a lien on the land from the time the levy is made. In case the land is sold, the purchaser must notify the owner within six months.

There is also a provision that if the assessment in respect to land is invalid from certain causes, the tax may be assessed

on the land the following year. It does not appear that the taxes for 1879 were re-assessed in 1880, and we find no provision that they may be re-assessed after the second year.

The remaining question, which arises on the defendant's appeal, is, whether the sum of $210, paid by the plaintiff to the Queen's County Savings Bank, "being the amount of the semi-annual interest due the bank from the first day of June, 1880, to the first day of December, 1880, upon a certain mortgage of seven thousand dollars, theretofore given by one Judd to the bank," being the mortgage excepted by the defendant's deed, can be recovered back upon the covenants therein.

This question must be determined wholly from the language of the deed. The record makes no disclosure concerning the situation of the parties or the circumstances of the transaction; all we know is the bare fact that the deed in question was given pursuant to some agreement for the exchange of land, but what it was, and what were its terms, and what estimates of value were placed on the respective lands, we know nothing. If therefore we attribute to the parties any intention not expressed in the deed there is great danger of making and enforcing a contract to which they were in fact strangers.

The only fact invoked in aid of the construction relied upon by the plaintiff is, that the mortgage constituting the excepted incumbrance was given by one Judd to a savings bank in the state of New York, and it is suggested that it is a matter of common knowledge that these institutions are prompt to collect interest when due, and that therefore the plaintiff must have supposed there was no interest past due. But such reasoning seems too unsatisfactory to be relied upon at all by any person of ordinary prudence who is about to purchase land incumbered by such a mortgage, for it is equally a matter of common knowledge that default in the payment of interest when due frequently occurs, even on mortgages held by savings banks, and they are often obliged to proceed for the foreclosure or sale of the property mortgaged on that account, and there is no such uniformity

as to furnish an intelligent basis for any presumption in regard to interest overdue.

We think therefore that the words used in this case should have the same force and effect that they would have if the mortgage referred to had been given to an individual instead of a savings bank.

The deed in question makes reference to the mortgage as follows:—" Subject nevertheless to a certain mortgage now held as a lien upon said premises by the Queen's County Savings Bank to secure the sum of seven thousand dollars, with interest thereon, which said amount said party of the second part hereby assumes and promises to pay; " and then the premises are warranted free of all incumbrances " except as aforesaid."

Now if the assumption clause had been omitted it would be conceded by every one that the entire mortgage, principal and interest alike, was excepted from the operation of the covenants in the deed; it would hardly be possible for language to be more explicit.

It is suggested in behalf of the plaintiff that the amount— " $7,000, with interest thereon," is referred to by way of description and identification of the mortgage. Undoubtedly so, but the mortgage thus identified is an entirety; the lien is one and the incumbrance is one for all the sums due on the mortgage.

There is not the remotest hint that the incumbrance is divided, and part excepted and part not, or that interest is to be distinguished from principal ; and to make such a distinction should require clear expression, for interest has no existence except as an incident and part of the mortgage itself, and if no mention had been made of interest it would still have been included as part of the mortgage.

*Shanahan* v. *Perry*, 130 Mass., 460, was an action on a similar covenant for a similar breach.   After a description of the premises by metes and bounds the deed contained this clause :—" This conveyance is made subject to a mortgage deed of thirty-five hundred dollars from Mary E. Schofield to Seth C. Clark," with a reference to the volume

and page of the land records; then followed, as in the case at bar, the covenant that the premises were "free of all incumbrances except as aforesaid." After the deed was delivered and recorded, the mortgagee demanded and obtained of the plaintiff the sum of two hundred and forty-five dollars for the interest that had accrued upon the mortgage before the date of the conveyance. GRAY, C. J., in giving the opinion, says:—"Upon these facts the plaintiff contended that the defendant's covenant was against all incumbrances in excess of thirty-five hundred dollars; but the Superior Court ruled otherwise, and in our opinion rightly. The mention in the defendant's deed to the plaintiff of an existing mortgage of a certain amount from a certain mortgagor to a certain mortgagee recorded, &c., is only by way of description and identification of that mortgage, which, to the extent of all sums due thereon for principal or interest, is a single incumbrance, and that incumbrance is excepted out of the defendant's covenant."

But in the case at bar it is said that an ambiguity is raised by the assumption clause which follows the description of the incumbrance, "which said amount said party of the second part hereby assumes and promises to pay." What amount? Does this mean "which said sum of $7,000 said party of the second part assumes, &c.? If so, the plaintiff only agreed to pay the principal. This however he does not claim, but admits that all interest not then payable was assumed by him. It is therefore conceded that the words "said amount" refer to some interest as well as to the principal. We think the words "said amount" must be held to mean the amount of the mortgage with interest thereon. The reference is to the very words that identify and describe the mortgage as an entirety.

Any construction which separates either the principal from the interest, or interest accrued from interest accruing, seems to us strained and unnatural, and if such had been the intention of the parties we believe very different language would have been employed.

We find no error on the plaintiff's appeal, but error on

the defendant's appeal, and reverse the judgment against the defendant.

In this opinion PARK, C. J., PARDEE and GRANGER, JS., concurred.

CARPENTER, J. I think the question relating to interest was correctly determined by the District Court, and that there is no error in the judgment.