Charles P. Packer

v.

Melville T. Roberts, for use, etc.

*Negotiable Instruments—Note—Practice—Insolvency.*

1.  The legal title to promissory notes in this State, can not be transferred by a separate instrument.

2.  Interest upon a note due upon demand, begins to run from its date.

3.  It is proper to bring suit upon a note in the name of its payee for the use of his assignee, when he becomes insolvent after the receipt thereof.

[Opinion filed June 2, 1891.]

In error to the Circuit Court of Cook County; the Hon. Julius S. Grinnell, Judge, presiding.

Mr. E. A. Sherburne, for plaintiff in error.

Messrs. Flower, Smith & Musgrave, for defendant in error.

Waterman, J.   Appellant made his promissory note payable on demand for $5,000, to the order of M. T. Roberts & Co.   Melville T. Roberts, who did business as M. T. Roberts & Co., afterward made, under the insolvency law, an assignment of all his property to O. D. Wetherell.   Suit was brought upon the note, the declaration reading "Melville T. Roberts who sues for the use of O. D. Wetherell, assignee of Melville

T. Roberts, insolvent." Judgment was rendered against appellant for $5,232.40, and he has taken this appeal. The suit was properly brought in the name of the payee of the note.

The legal title to promissory notes in this State can not be transferred by a separate instrument. Ryan v. May, 14 Ill. 49; Fortier v. Darst, 31 Ill. 215; Boynton v. Renwick, 46 Ill. 280-283; Badgley v. Votrain, 68 Ill. 25; Barrett et al. v. Hinckley, 124 Ill. 32; Chickering v. Raymond, 15 Ill. 362.

It is objected that no demand having been shown, interest should not have been allowed. Interest upon a note due upon demand, begins to run from its date. Wheeler v. Warner, 47 N. Y. 519; Merrick v. Wolverton, 41 N. Y. 581-590; Palmer v. Palmer, 36 Mich. 487; Hill v. Henry, 17 Ohio, 9.

The judgment was therefore for the proper amount, and is affirmed.

*Judgment affirmed.*