HELEN A. CURTIS *vs.* EUGENE H. SMITH ET AL.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In this State prior to the enactment of the Negotiable Instruments Act
in 1897, a note payable on demand was, as between the maker and
payee, payable immediately, without any demand, and therefore
under General Statutes, Rev. 1902, § 4600, bore interest from its date.
Upon the foreclosure of a mortgage securing such a note, interest should
be allowed from its date, notwithstanding an action on the note it-
self would be barred by the statute of limitations.

Argued November 6th, 1902—decided January 7th, 1903.

ACTION to foreclose a mortgage, brought to the Court of
Common Pleas in Fairfield County and tried to the court,
*Downs, Deputy-Judge;* facts found and judgment rendered
for the plaintiff, but disallowing interest on the note, and ap-

peal by her for alleged errors in the rulings of the court. *Error and cause remanded.*

The case is sufficiently stated in the opinion.

*Stiles Judson, Jr.*, for the appellant (plaintiff).

*William H. Comley, Jr.*, for the appellees (defendants).

HALL, J. This is an action for the foreclosure of a mortgage. The note, to secure the payment of which the mortgage was given, is as follows: —

" $880.00. October 27th, 1885.

" On demand I promise to pay to the order of Helen A. Curtis eight hundred and eighty dollars at

" Value received. HANNAH E. WILCOXSON.

"SARAH WILCOXSON."

In the condition of the mortgage deed the debt of the grantors is described as $880, and " as evidenced by their promissory note of even date herewith, payable to said grantee or order with interest," and the deed is conditioned upon the payment of said note " according to its tenor." No demand of payment has been made, nor has any interest been paid upon the note.

The plaintiff claimed interest from the date of the note; that the language of the condition of the mortgage should be considered as showing the intent of the parties as to the payment of interest; and that parol evidence was also admissible for that purpose.

The court overruled the plaintiff's claims, and allowed interest only from the date of the service of the complaint, in August, 1901.

Section 2942 of the General Statutes (Rev. 1902, § 4600), which was in force when this note was executed, provides that " interest at the rate of six per cent a year, and no more, may be recovered and allowed in civil actions, . . . as damages for the detention of money after it becomes payable." Such interest, even when allowed as damages, becomes a

part of the mortgage debt which the defendants must pay in order to redeem ; *Smith* v. *Read*, 51 Conn. 10, 15 ; *Canfield* v. *School District*, 19 id. 529, 531 ; and the fact that an action at law upon the note is barred by the statute of limitations will not prevent the enforcement of the equitable remedy by an action of foreclosure. *Belknap* v. *Gleason*, 11 Conn. 160.

The statute referred to not only provides for the allowance of interest as damages, but fixes the amount of the damages to be allowed as interest at the rate of six per cent a year, upon the money detained, from the time it becomes payable. The interest to be allowed the plaintiff is therefore determined by ascertaining when the mortgage note became payable.

In this State a demand note is not, as it is held to be in some jurisdictions, payable according to the literal terms of the note itself, even as between the maker and payee. Such a note, as to third parties and for purposes of negotiation was, by our common law, regarded as overdue and dishonored after the lapse of a reasonable time from its date (*Tomlinson Carriage Co.* v. *Kinsella*, 31 Conn. 268, 275), and by statute after four months from its date (General Statutes, Rev. 1888, § 1859, repealed by Negotiable Instruments Act of 1897), without any demand having been made ; while as between the maker and payee it is due and payable immediately after delivery, and without demand. As between the immediate parties to the note it is an acknowledgment by the maker that a certain sum is due from him to the payee at the date of the note, and that the later is entitled to payment of it immediately. The time of payment would be the same if the words "on demand" had been omitted and no time of payment expressed. *Bacon* v. *Paige*, 1 Conn. 404. "As between maker and payee of a promissory note payable on demand, an immediate demand of payment may be made, and even a suit commenced . . . without special demand." *Lockwood* v. *Crawford*, 18 Conn. 361, 371. While upon a note payable a certain time after demand, no right of action can arise until a demand, and the subsequent lapse of the

time specified ; upon a note payable on demand, no demand is necessary before suit, and suit may be brought upon it as soon as it is given. *Cooke* v. *Pomeroy*, 65 Conn. 466, 471. The payee of a demand note, though expressed to be with interest, may sue and collect it, and the maker may pay it, at any time after delivery. *Seymour* v. *Continental Life Ins. Co.*, 44 Conn. 300, 307. The maker of a note, however, has the privilege of paying it only when it has become payable. *Savings Bank of New Haven* v. *Bates*, 8 Conn. 505, 511. Without any demand having been made in any manner upon a demand note, the statute of limitations runs against it from its date. *Trustees of Alms-House Farm* v. *Smith*, 52 Conn. 434, 436. It would certainly seem strange that an action should be barred by the statute of limitations upon a note which had not yet become payable. It must follow from the very fact that an action is thus barred, that a complete right of action accrues to the payee upon the delivery of the note, and without the making of any demand.

In the Revision of Swift's Digest, Vol. 1, p. 715, it is said that the words "without interest," in a demand note, only prevent interest from running before demand, and that "if a promissory note is payable on demand, and nothing is said about interest, it will be recoverable from the date of the note." The principle of such rule is the same as that of the seventh rule in *Selleck* v. *French*, 1 Conn. 32, 33, that "where an account has been liquidated, and the balance ascertained by the parties, interest will be allowed thereon, unless there should be some agreement to delay the payment." The agreement of the maker of a demand note with the payee is that the latter is entitled to immediate payment.

While it is undoubtedly true that in some jurisdictions it has been held that the statute of limitations does not commence to run against a demand note, nor a cause of action accrue upon it, until a demand is made or until after a reasonable time from the date of the note (Randolph on Commercial Paper, § 1040 and note), we are of opinion that by the terms of the note in suit the sum named therein was, within the meaning of our statute and under the decisions in

this State above cited, payable at the date of the note. Other decisions to the same effect as to the allowance of interest, some of which are based upon statutes similar to our own, are *Darling* v. *Wooster*, 9 Ohio St. 517, 518; *Hill* v. *Henry*, 17 Ohio, 1; *Pullen* v. *Chase*, 4 Ark. 210; *Packer* v. *Roberts*, 40 Ill. App. 613; *Edgmon* v. *Ashelby*, 76 Ill. 161; *Palmer* v. *Palmer*, 36 Mich. 487; *Omohundro* v. *Omohundro*, 21 Gratt. (Va.) 626, 631; *Gaylord* v. *Van Loan*, 15 Wend. 308; *Mc-Mullen* v. *Rafferty*, 89 N. Y. 456; and *Chester* v. *Jumel*, 125 id. 237, 254. See also Randolph on Commercial Paper, §§ 117, 1040, 1710.

Interest should have been computed from the date of the note. It is unnecessary to decide the other questions raised by the plaintiff.

There is error, and the case is remanded for the entry of a judgment in accordance with this opinion.

In this opinion the other judges concurred.