## Sophia Cwiklik, Defendant in Error, v. Anna Hrejsa et al., Plaintiffs in Error.

## Gen. No. 15,874.

1. LANDLORD AND TENANT—*when former liable for personal injuries.* For defects of which the landlord had notice contained in the portion of an apartment building used in common by the tenants of such building the landlord is responsible.

2. NEW TRIAL—*what essential to require, for newly discovered evidence.* In order to justify a new trial for newly discovered evidence it must appear that the evidence is of a conclusive character and is not merely cumulative and it must further appear that the evidence could not have been discovered at the time of the trial by the exercise of due diligence.

Error to the Circuit Court of Cook county; the HON. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 6, 1912.

DeWITT C. JONES, for plaintiff in error.

JOHNSON & BELASCO, for defendant in error; JOEL BAKER, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court in a suit brought by the defendant in error against the plaintiffs in error to recover damages for injuries received by the plaintiff below in falling from a rear porch of premises known as No. 446 South Jefferson street, Chicago, on the second day of October, 1902.

The declaration avers that the defendants were negligent in allowing the back stairs, platform and railing thereon, which was in constant use by the tenants of the building and others in entering and leaving the building, to become weak, worn out, rotten and unsafe, whereby the plaintiff, while on said stairs and platform by invitation of the tenant of the building, was caused to fall to the ground and was injured.

The case was tried on the issues presented by the general issue filed by the defendants, and a verdict was rendered for plaintiff for $1,200 and judgment was entered thereon.

At the time of the accident the title to the premises was in the defendants Anna Hrejsa and Mary A. Cizkovsky.

The first ground urged for a reversal is that the plaintiff failed to establish the allegation of her declaration that the stairs, platform and railing in question were under the control of the defendants.

No proof of the terms of the tenancy of the tenant of the second floor was made. It appears, however, from the evidence that Mrs. Emily Behrens was the agent of the defendants for the collection of rents and had general charge and control of the building for them; that she was notified by the tenants of the building, prior to the accident, that the porch and railing thereof were in an unsafe condition. Mrs. Behrens attended to the repairs of the premises. There is also evidence that before the accident when there was a fire in the premises, the defendants employed a carpenter to repair the building; and that when a wedding was held in the house before the accident Mrs. Behrens testified that she had a carpenter who examined all the stairs. Mrs. Behrens also testified that there were two tenements above the platform in question. They all used the one stairway and platform. There were four tenants or families living in that part of the house.

We are of the opinion that sufficient appears in the evidence to show that the platform and stairs in question were used in common by four different tenants or families living in the upper part of the building, and that the stairs, platform and railing in question were under the control of the defendants, the landlords, for the common use of the tenants of the building. Upon these facts the defendants are liable for injuries resulting from defects of which they had notice. Burke v. Hulett, 216 Ill. 545; Shoninger Co. v. Mann, 219 *id.* 242.

The next contention is that the verdict was contrary to the credible evidence in the case. There is in the testimony an irreconcilable conflict between the plaintiff's witnesses and the defendants' witnesses. The testimony of the witnesses Mitus, James, and others clearly tends to prove that the back porch and railing were in a shaky, weak and unsafe condition. The testimony of the defendants' witnesses tends to show that some of them had examined the premises six months and a year before the accident, and at those times the porch and platform were in good condition. Mrs. Behrens, the agent of the defendants, admitted that the railing was in a weak condition.

Considering all the testimony in the case, and without entering into an analysis of it, we are of the opinion that the jury had sufficient basis in the evidence for the verdict rendered by them; and the verdict is not contrary to the credible evidence.

It is urged that a new trial should have been granted on the affidavits of newly discovered evidence. We have examined the affidavits and we do not think that they show due diligence on the part of the defendants in the preparation for trial. We do not think the facts set out in the affidavits, if proven upon a second trial, would present a defense of a conclusive character. In order to justify a new trial on newly discov-

ered evidence it must appear that the evidence is of a conclusive character, and is not merely cumulative, and it must further appear that the evidence could not have been discovered at the time of the trial by the exercise of due diligence. Edgmon v. Ashelby, 76 Ill. 161; C. & N. W. Ry. Co. v. Calumet Stock Farm, 194 *id.* 9, 16; C. & E. I. R. R. Co. v. Stewart, 203 *id.* 223.

We do not think the defendants are entitled to a reversal of the judgment upon the ground that the court refused to grant a new trial upon the affidavits presented setting up newly discovered evidence.

We do not think that the court erred in overruling the motion in arrest of judgment.

Finding no substantial error in the record, the judgment is affirmed.

*Affirmed.*