## Ludlow, et al. v. City of Ludlow

(Decided February 28, 1913.)

### Appeal from Kenton Circuit Court.
(C. P. & E. Division.)

1. Taxation—Cities of Fourth Class—Collection of Taxes by Suit—Sections 3544 and 3546, Kentucky Statutes.—Under sections 3544 and 3546, Kentucky Statutes, a city of the fourth class has the right to bring suit for the collection of taxes due on real estate even though the city collector fails or refuses to pursue the other remedies provided by statute.

2. Taxation—Municipalities—Power to Compromise Claims for Taxes—Section 52, Constitution.—Under section 52 of the Constitution, a municipality has no power to make a compromise releasing a taxpayer, in whole or in part, from the payment of any taxes that have been levied and assessed.

3. Assessments—Description of Property—Sufficiency.—A description in an assessment is sufficient if the property can with reasonable certainty be located from the description given.

4. Assessments—Sufficiency of Description.—In an action by a city of the fourth class to collect certain taxes by suit, descriptions contained in the assessments examined and held sufficient.

5. Taxation—Suit for Taxes—Right to Amend Description for Purposes of Judgment.—While in an action for the collection of taxes on real estate the city may not amend its pleadings for the purpose of correcting the assessment, it may amend and give a more accurate description of the property assessed and sought to be sold, for the purpose of basing a judgment thereon.

MYERS & HOWARD, for appellants.

JACKSON & WOODWARD, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The City of Ludlow, a city of the fourth class, brought this action in December, 1899, against W. S. Ludlow and A. S. Ludlow, to enforce its tax lien on certain parcels

of real estate owned by them, and upon which the taxes had not been paid for a number of years. During the progress of the action the taxes for subsequent years accrued on the property and were not paid, and these claims were presented by amended petition. The city also filed an amended petition describing with greater accuracy the parcels of real estate that had been assessed, and upon which the taxes had not been paid. On final hearing the chancellor adjudged the city a lien on the property involved for taxes accruing within five years from the time of the filing of the action, and directed that the property be sold. From that judgment the defendants appeal.

1. The first contention of defendants is that the city had no right to institute an action in equity to collect the taxes until the city collector had exhausted the powers of a sheriff which were conferred on him by the charter of cities of the fourth class. Section 3544, Kentucky Statutes, relating to cities of the fourth class provides:

"The tax receipts, except as herein provided, shall be turned over to the collector or treasurer, as may be provided for by ordinance, who shall receipt to the clerk for the same, and shall, within ten days after the receipt of same, and before the first day of July, and ten days before September first, in each year, give notice, by printed notice posted for ten days in ten public places in said city, or by such notice for ten days in a newspaper, to be designated by the council, that the taxes for the current year are in his hands for collection and are due, and that in default of payment on or before November first, the penalty prescribed by ordinances shall be attached. Said receipts shall be indorsed by the collector or treasurer, and all receipts remaining in his hands on the first day of November in each year, unpaid, shall be indorsed by him "Delinquent," and returned to the city clerk, and such receipts found in such tax-list returned by said clerk to be unpaid shall be credited to the collector or treasurer on his receipt. The city clerk shall thereupon proceed to attach the penalty prescribed by ordinance to each tax receipt, not exceeding twenty-five per centum penalty and interest as may be provided by ordinance, and then deliver same to the collector, taking his receipt therefor. Said collector shall then proceed to collect same, and, in the collection of same, use the same powers and proceed in the same way as provided by law for the sheriff in the

collection of the State revenue: *Provided*, That notice of garnishment shall be returnable to the police court, and said court shall have the same jurisdiction and powers that are given to county courts with reference to State revenue. At sales of property for city taxes the city shall be a competent purchaser, and the mayor shall have the right to make such purchases for the city. *And provided, further,* That the board of council may order suit to be instituted for the collection and enforcement of any delinquent tax bill and lien therefor. All suits for taxes on realty shall be brought in the circuit court of the county and be enforced as other liens are enforced, and all suits for taxes on personalty may be brought in the police court of the respective city, and in all such suits the production of the tax bill shall be *prima facie* evidence of the correctness thereof, and that all proper steps were taken to fix the lien therefor.''

Section 3545 provides for the appointment of a collector, the execution of a bond by him for the faithful performance of his duties, and makes it his duty to collect all dues owing to the town placed in his hands.

Section 3546 provides as follows:

''All tax bills uncollected, in whole or in part, on the first Monday of November of each year, against any person (not under disability of infancy, coverture or unsound mind) owning property in his own right, together with interest at six per cent per annum, and shall be a debt from such person to said city arising as by contract, and may be enforced as such by all remedies given for the recovery of debts in any court of the Commonwealth otherwise competent for that purpose, and those bills assessed against an administrator, executor or trustee shall be a charge against the whole succession or trust estate, and may be enforced accordingly in addition to the remedies herein given.''

Section 4149, relating to the collection of State revenue, after providing for distraint by the sheriff, contains the following provision:

''If a sufficient amount of personalty be not found, then he will levy on a sufficient quantity of delinquent's land for that purpose. But if no land be found belonging to the delinquent, the sheriff shall levy on any real estate owned by the delinquent at the time of the assessment,'' etc.

It is argued that it was the duty of the collector first

to distrain the personal property, and if there was no personal property, it was his duty then to levy on the defendants' land, or if they had no land, to levy on any land owned by them at the time of the assessment, and that such action on the part of the collector is a condition precedent to the right to enforce the collection of taxes by an action in equity. In support of this position we are cited to the case of City of Covington v. Peoples Building Association, 2 S. W., 322. That case, however, was expressly overruled in the case of Greer v. City of Covington, 83 Ky., 410. In the latter case the court held that the legislature might authorize the city to collect taxes by suit, and where this remedy is given it will not be held to exclude a summary mode of collection already provided by statute, nor will it be limited to cases in which the summary mode may have proved ineffectual, unless the statute so provides. Under Section 3544, Kentucky Statutes, *supra,* the board of council may order suit to be brought for the collection of any delinquent tax bill and for the enforcement of the lien therefor. All suits for taxes on realty shall be brought in the circuit court of the county, and be enforced as other liens are enforced, and all suits for taxes on personalty may be brought in the police court. Section 3546 provides that all tax bills uncollected, in whole or in part, on the first Monday of November of each year, against any person, not under disability of infancy, coverture or unsound mind, owning property in his own right, together with interest thereon at six per cent per annum shall be a debt from such person to said city arising as by contract, and may be enforced as such by all remedies given for the recovery of debts in any court of the Commonwealth otherwise competent for that purpose. There being nothing in these statutes to show that the right to proceed by suit depends upon the collector's exhausting the other remedies provided by statute, and the statute clearly providing for the collection of all tax bills remaining uncollected on the first Monday in November of each year, we conclude that the city has the right to bring such suit without regard to any failure on the part of the collector first to exhaust the powers of the sheriff.

2. It is contended that a portion of the property involved in this action was not assessed prior to the year 1904, and that the defendants during that year compromised the taxes of the previous years by agreeing to pay

the taxes thereon for the year 1904 and subsequent years. There is no satisfactory evidence that the property involved in that alleged compromise is the same property as that upon which it is now sought to collect taxes. Furthermore, this record shows that all the property involved in this action was, as a matter of fact, assessed prior to the year 1904, and taxes regularly levied thereon. Section 52 of the Constitution provides:

"The General Assembly shall have no power to release, extinguish, or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this Commonwealth, or to any county or municipality thereof."

In construing this section of the Constitution it was held that a tax that has been regularly assesesd and levied was an indebtedness, and that neither the legislature nor the general council of any city, had the power to release or extinguish, in whole or in part, the liability of any corporation or individual for municipal taxes. City of Louisville v. Louisville Railroad Company, 111 Ky., 1; City of Middlesboro v. Coal & Iron Bank, 110 S. W., 355. It follows that the alleged compromise of taxes for the years prior to the year 1904 was void.

3. It is next insisted that the descriptions of the various pieces of property in the assessments are so vague, uncertain and indefinite as to render the assessments void, and that the chancellor had no right to permit the city to correct or add to the descriptions by its amended petition. The various assessments sued on described the property as follows:

"1896, 350x250 orig. plat s. s. River Road.

"1897, 350x250, lot of land s. s. River Road.

"1898, 350x255 s. s. River Road.

"1899, lot of ground s. s. River Road 350 front, 255 depth.

"1900, original subdivision s. s. River Road, 350 front, 255 depth.

"1901, original subdivision s. s. River Road, 350 front, 255 depth.

"1902, s. s. River Road, 350 front, 255 depth.

"1903, s. s. River Road, 350 front, 255 depth.

"1904, s. s. River Road, 350 front, 255 depth."

Also real estate described upon said bills or rolls as follows:

"1894, 1,400 ft. Jenkins West line running west along river front.

"1895, commencing at Jenkins west line, running west along river front 1,400.

"1896, commencing at Jenkins west line, thence running west along river front 1,400 feet.

"1897, the same.

"1898, the same.

"1899, commencing at Jenkins west line, thence running west along river front.

"1900, Third Ward, commencing at Jenkins west line, thence running west along river front 1,400 feet."

Also the following:

"1894, 1,400 ft. east side Carneal, running east along river front, wharf property.

"1895, commencing on east side of Carneal Street and running east 1,400 feet.

"1896, commencing on east side of Carneal Street, thence running east along river front 1,400 feet.

"1897, the same.

"1898, 1400 feet on river front between Carneal and east corporation running east.

"1899, commencing on east side of Carneal Street, thence running east along river front.

"1900, commencing on east side of Carneal Street, thence running along river front 1,400 feet."

Another lot is described "one lot next to Church" upon which taxes for 1893 and 1894 are claimed.

It is not necessary that an assessment shall describe the property assessed with the certainty required in a deed. It is sufficient if the property can with reasonable certainty be located from the description given. The defendants actually owned a tract of land 350x250 feet on the original plat and on the south side of the River Road. They actually owned a tract of 1,400 feet commencing at Jenkins' west line and running west along the river front. They actually owned 1,400 feet on the east side of Carneal street, running east along the river front and extending to the river. The defendants were apprised by the descriptions of the land sought to be assessed. They or any other person reasonably acquainted with property in Ludlow could have taken the descriptions and gone to the land and identified it. We have frequently upheld suits for specific performance where the description of the land was not more definite than in the assessments

referred to. Thus in the case of Bates v. Harris, 143 Ky., 399, the following description was held sufficient: "Her Muddy Creek farm * * * The farm embraces (113 acres) one hundred and thirteen acres." In Hanley v. Blackford, 1 Dana 2, 25 Am. Dec., 114, the description was "10 acres adjoining him on the north." In Henderson v. Perkins, 94 Ky., 211, the property was described as "My home place and storehouse." In the case of Colenck v. Hooper, 3 Ind., 316, 56 Am. Dec., 505, the description was "My lot on the plat in the town of S., on the plat of said town on the river bank." In Hollis v. Burgess, 37 Kan., 487, the property was described as the "Snow farm." In Hodges v. Knowing, 51 Conn., 12 7 L. R. A., 87, the property was described as "H's place at S." In Goodenow v. Curtis, 18 Mich., 298, the property was described as the "Knapp home property." In all of these cases the descriptions were held sufficient.

While it may be true that in cases of sales by a sheriff or other executive officer, he has no authority to change the assessment for the purpose of making it more accurate, yet where a suit is brought as in this case, it is proper to permit the city to file an amended petition, not for the purpose of correcting the assessment, but for the purpose of giving a more accurate description of the property, upon which to base a judgment of sale. Meyer v. City of Covington, 23 Ky. L. R., 843.

In the earlier cases parties were often relieved of the burden of taxation on purely technical grounds. Such, however, is not the tendency of the modern doctrine. Uniformity in the payment of taxes is just as essential as uniformity in any other respect. Where a taxpayer does not pay his share of the public burden, the burden of the other taxpayers is correspondingly increased. That being true, it is only where there has been a failure to comply with the law in some material and substantial respect that a taxpayer should be relieved of his part of the burden. Here the defendants owned the property in question. Taxes were regularly assessed and levied. They failed to pay the taxes. From the assessments made defendants and any other person reasonably acquainted with Ludlow property could have identified the property with reasonable certainty. The chancellor therefore properly adjudged a sale of the property to pay the taxes due.

Judgment affirmed.