[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendants in the instant cases have filed motions for summary judgment claiming that the statute of limitations on a note payable on demand, with no stated maturity date, begins to run at the time of the note's execution. The notes which are the subject of the two actions were executed in 1981. General Statutes section 52-576
provides that "[N]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but CT Page 10721 within six years after the right of action accrues. . . ." Actions upon the notes were brought in October 1990. therefore, the motions for summary judgment are granted.
Procedural background
On October 3, 1990 the plaintiffs, executors of the estate of Sidney Hoffman, filed a two count complaint against the defendant David Trakhtenbroit alleging that on June 4, 1981 Sidney Hoffman loaned the defendant the sum of fifty-five hundred dollars at an interest rate of ten percent as evidenced by a promissory note. Exhibit "A" of plaintiffs' complaint in CV 90-0275710. Also on October 3, 1990, the plaintiffs filed a two count complaint against defendant Anatole Trakhtenbroit alleging that on October 2, 1981 Sidney Hoffman loaned the defendant forty-eight hundred dollars at an interest rate of twelve percent as evidenced by a promissory note. Exhibit "A" of plaintiffs' in CV 90-0275711. Plaintiffs further allege that they made demand upon each defendant but were refused payment.
On October 10, 1990 both defendants filed an answer and special defenses. They each asserted the same four special defense, namely that (1) the notes were forgiven by Sidney Hoffman, were satisfied by the personal service of David Trakhtenbroit, or were intended as gifts to the defendants from Sidney Hoffman; (2) that since Hoffman died on April 18, 1988, the plaintiffs' actions were barred by the statute of limitations pursuant to General Statutes section 52-594 because they were brought more than one year from the date of death; (3) that the plaintiffs' right of action began to run upon the execution of the notes on June 4, 1981 and October 2, 1981 and were therefore barred by the six-year statute of limitations of General Statutes section 52-576, and (4) that the doctrine of laches barred payment of the notes since no demand was made until nine years from the execution of the notes.
On January 29, 1991, the plaintiffs replied to the defendants' special defenses by denying the allegations therein.
Subsequently, on October 11, 1991, the defendants each filed a motion for summary judgment. In their supporting memoranda of law they argued that no genuine issues of material fact existed reiterating the issues raised in their special defenses. The plaintiffs filed objections to the defendants' motions on November 5, 1991. They argued that the statute of limitations on these actions did not begin to run until the demand on the notes was made in April CT Page 10722 1990. They further argued that General Statutes section 52-594
does not reduce the otherwise applicable statute of limitations, and that whether Sidney Hoffman gave the money as gifts was a question of fact. On December 13, 1991, the defendants' motions for summary judgment were denied (McGrath, J.) without articulation.
On January 2, 1992, the defendants filed motions for articulation requesting that the court provide a memorandum of decision regarding the denial of the motions. On April 14, 1992, the plaintiffs filed an objection to the defendants' motion for articulation. the court to date has not acted upon the defendants' motions to re-argue their motions for summary judgment since no written decision had been made. On April 21, 1992, the plaintiffs filed an objection to the motions to re-argue because the motions for articulation were still pending.
Then on September 28, 1992, the defendants each filed a second motion for summary judgment with supporting memoranda. these motions presently before the court. Herein, the defendants argue openly that the statute of limitations began to run when the notes were executed, thereby barring the plaintiffs' actions upon those notes brought nine years later. On October 9, 1992, the plaintiffs filed objections and supporting memoranda arguing that the defendants' present motions are barred by the doctrine of res judicata. The plaintiffs further argue, as they did in their objections to the original motions for summary judgment in 1991, that the statute of limitations on these actions did not begin to run until the demand on the notes was made in April 1990, that General Statutes section 52-594 does not reduce the otherwise applicable statute of limitations and that whether Sidney Hoffman gave the money as gifts is a question of fact.
DISCUSSION
A motion for summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384. See also Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990). To prove that there is no genuine issue of material fact the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442,445, 476, A.2d 582 (1984). A material fact has been defined as a fact that will make a difference in the result of the case. CT Page 10723 Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). In determining whether there is a material issue of fact the court considers the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242,247, 571 A.2d 116 (1990). Once the moving party has presented supporting evidence, the opposing party must present evidence demonstrating the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
Where there is no genuine issue as to any material fact, the court must then decide whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459, A.2d 115 (1983). That question is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same fact. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). Connell v. Colwell, supra, 247; Connelly v. Housing Authority, supra, 364.
In the instant motions for summary judgment the defendants argue only that the action is barred by General Statutes section 52-576. The plaintiffs argue that the present motions are based on the same grounds as the original motions of October 11, 1991 and should therefore be denied because the previous motions were denied and thus, the court's earlier ruling is res judicata. The Connecticut Supreme Court has held that "re judicata and collateral estoppel depend on the existence of a valid final judgment by a court of competent jurisdiction." Corey v. Avco-Lycoming division, 163 Conn. 309,317, 307 A.2d 155 (1972). It is axiomatic that the denial of a motion for summary judgment is not a final judgment; thus, the denial of the defendants' previous motions for summary judgment do not have a res judicata effect on the present motions.
Conceivably, the plaintiffs might rely instead on the doctrine of the law of the case. "A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Breen v. Phelps, 186 Conn. 86, 99-100,439 A.2d 1066 (1982). Furthermore, "[j]udge shopping is not be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge" Id. 100. It is only when "the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, [that] he may apply his own judgment." Id. "however, [a] court may not grant summary judgment sua sponte . . . [and] [t]he issue first must be raised CT Page 10724 by the motion of a party and supported by affidavits, documents or other forms of proof. (Citations omitted.)" Cummings Lockwood v. Gray, 26 Conn. App. 293, 299, 600 A.2d 1040 (1991). Therefore, the court does not consider the doctrine of the law of the case in ruling on the instant motions.
The plaintiffs also argue that summary judgment is inappropriate because General Statutes section 52-594 does not reduce the otherwise applicable statute of limitations; and that whether Sidney Hoffman gave the money as gifts to the defendants is a question of fact. These arguments are not responsive to the grounds of the defendants' present motion, but instead repeat the plaintiff's arguments in their memoranda opposing the original summary judgment motions.
Therefore, the crux of the plaintiffs arguments is that the statute of limitations did not begin to run until the demand on the notes was made in April 1990. However, "[a] cause of action against a maker or an acceptor accrues (a) in the case of a time instrument on the day after maturity; (b) in the case of a demand instrument upon its date or, if no date is stated on the date of issue. (Emphasis added). General Statutes section 42a-3-122 (1), see also Gabianelli b. Lewis, 4 Conn. L. Rptr. 510, 511 (August 1, 1991, Fuller, J.). A demand note "as between the maker and the payee is due and payable immediately after delivery, and without demand." Curtis v. Smith,75 Conn. 429, 431, 53, At 902 (1903). Thus, [w]ithout any demand having been made in any manner upon a demand note, the statute of limitations runs against it from its date." Id. "The statute of limitations for an action on a note is six years after the statute accrues. Section 52-576, Connecticut General Statutes." Gabianelli v. Lewis, supra. Therefore, "[a]ny cause of action against the maker of the note, in the absence of circumstances tilling the statute . . . [is] barred after the six years from its execution and delivery." Broadway Bank Trust Co. v. Longley, 116 Conn. 557, 560, 165 At 800 (1933). In the present case, as in Gabianelli, supra, the payee (in the person of the executors of his estate did not make a demand for payment on the notes until more than six years had passed. In Gabianelli, supra, the court construed General Statutes section 52-576
and 42a-3-122 (1) and held that since a cause of action against a maker of an instrument with no stated maturity date accrues on the date of issue, the plaintiff was barred by the six-year statute of limitations.
For the foregoing reasons, therefore, the defendants are entitled to summary judgment as a matter of law and their motions CT Page 10725 are granted.
LEHENY, J.